UNITED STATES of America,
Plaintiff–Appellee,

v.

Alberto BECERRA–SANDOVAL, aka
Alberto Becerra, Defendant–
Appellant.

No. 00–50167.
D.C. No. CR–99–01089–LGB–01.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Jan. 12, 2001.

Decided Jan. 18, 2001.

Before TROTT, THOMAS and
BERZON, Circuit Judges.

## MEMORANDUM *

We affirm the conviction and sentence entered by the district court. Because the parties are familiar with the facts, we do not recite them here.

■ Assuming the district court erred during the plea colloquy by failing to inform Becerra–Sandoval of the "found in" element of the charged offense, the error was harmless as Becerra–Sandoval had previously indicated his awareness of that element. Fed.R.Crim.P. 11(h).

■ The requirement that Becerra–Sandoval report to a probation officer upon reentry to the United States does not violate the Fifth Amendment. The privilege against self-incrimination "protects an accused only from being compelled to testify against himself, or otherwise provide the State with evidence of a testimonial or communicative nature." *Schmerber v. California,* 384 U.S. 757, 761, 86 S.Ct.

---

1826, 16 L.Ed.2d 908 (1966). The conditions of Becerra–Sandoval's supervised release do not compel him to provide testimonial evidence, so the Fifth Amendment is not implicated. Whether specific information obtained by a probation officer as a result of compliance with the reporting requirement could be used against Becerra–Sandoval in a future prosecution is a question to be resolved should such a prosecution occur.

■ Finally, the district court did not err by considering Becerra–Sandoval's prior felony convictions during sentencing, notwithstanding that such conduct was not charged in the indictment. *United States v. Pacheco–Zepeda*, 234 F.3d 411, 413–14 (9th Cir.2000).

AFFIRMED.

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.