**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Victor MORALES–ESCOBEDO,**
**Defendant–Appellant.**

**No. 99–50768.**

United States Court of Appeals,
Ninth Circuit.

Submitted Jan. 8, 2001[1].

Decided Jan. 24, 2001.

Before BEEZER, O'SCANNLAIN, and KLEINFELD, Circuit Judges.

MEMORANDUM[2]

Victor Morales–Escobedo appeals his 77–month sentence resulting from his jury conviction for attempted re-entry after de-

---

1. The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2). Morales–Escobedo's request for oral argument is denied.

2. This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.

portation, in violation of 8 U.S.C. § 1326, and making a false claim to U.S. citizenship, in violation of 18 U.S.C. § 911. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

■ Morales–Escobedo first contends that 8 U.S.C. § 1326 violates due process because it uses the outcome of an administrative adjudication, during which the right to counsel does not attach, as an element of the offense. This argument is without merit. We have previously held that using the outcome of an administrative adjudication "as an element of the criminal offense of reentry under 8 U.S.C. § 1326" does not violate either the Fifth or Sixth Amendments to the United States Constitution. *United States v. Lara–Aceves,* 183 F.3d 1007, 1009 (9th Cir.1999), *cert. denied,* 528 U.S. 1095, 120 S.Ct. 836, 145 L.Ed.2d 702 (2000).

■ Morales–Escobedo also appeals the district court's decision to enhance his sentence by 16 levels pursuant to the Sentencing Guidelines § 2L1.2(b)(1)(A) (1998). Morales–Escobedo argues that the district court erred by relying solely on the Presentence Report to find that he had been previously deported for an aggravated felony instead of making an independent finding. Reviewing for abuse of discretion, *United States v. Marin–Cuevas,* 147 F.3d 889, 895 (9th Cir.1998), we are not persuaded. *See United States v. Romero–Rendon,* 220 F.3d 1159, 1163 (9th Cir.), *cert. denied,* — U.S. —, 121 S.Ct. 640, 148 L.Ed.2d 546 (2000). The Presentence Report specifies the statutes under which Morales–Escobedo had been convicted and the source of this information. Further, the factual accuracy of the Presentence Report was never questioned. The district court's reliance on the Presentence Report was not an abuse of discretion. *See id.*

In his reply brief, Morales–Escobedo argues for the first time that the district court improperly enhanced his sentence on the basis of an aggravated felony that was not charged in the indictment, submitted to a jury, and proved beyond a reasonable doubt. Ordinarily, we do not consider claims raised for the first time in a reply brief. *See United States v. Traynor,* 990 F.2d 1153, 1159 (9th Cir.1993); *Eberle v. City of Anaheim,* 901 F.2d 814, 818 (9th Cir.1990) ("It is well established in this circuit that the general rule is that appellants cannot raise a new issue for the first time in their reply briefs.") (quotations and citations omitted). In any event, the argument is foreclosed by *Almendarez–Torres v. United States,* 523 U.S. 224, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998), which the Supreme Court in *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000) expressly declined to revisit. *Apprendi,* 120 S.Ct. at 2362; *see also United States v. Pacheco–Zepeda,* 234 F.3d 411, 414 (9th Cir.2000).[3]

AFFIRMED.

---

**3.** The government's motion to strike Morales–Escobedo's letter pursuant to Federal Rule of Appellate Procedure 34(a) and to strike a portion of Morales–Escobedo's reply brief is denied.