UNITED STATES of America,
Plaintiff–Appellee,

v.

Rolando CARRERA–REYES,
aka Carlos Miranda–Ixoba,
Defendant–Appellant.

No. 00–50336.

United States Court of Appeals,
Ninth Circuit.

Submitted Jan. 8, 2001[1].

Decided Jan. 25, 2001.

Before BEEZER, O'SCANNLAIN and KLEINFELD, Circuit Judges.

## MEMORANDUM[2]

Rolando Carrera–Reyes appeals his 48–month sentence following his guilty plea to one count of being an alien found in the United States after having been deported, in violation of 8 U.S.C. § 1326. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

Relying on *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), Carrera–Reyes contends that the district court erred when it increased his base offense level by 16 points pursuant to U.S.S.G. § 2L1.1(b)(1)(A) (1998) because the prior conviction was not charged in the indictment and proved beyond a reasonable doubt. He further contends that *Apprendi* overruled *Almendarez–Torres v. United States*, 523 U.S. 224, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998). Carrera–Reyes' contentions lack merit in light of

---

1. The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

2. This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.

our recent decision in *United States v. Pacheco–Zepeda*, 234 F.3d 411 (9th Cir. 2000).

We review de novo the legality of a sentence and the purely legal question of whether *Apprendi* requires that Carrera–Reyes be resentenced. *Id.* at 412–13.

■ Because *Almendarez–Torres* remains precedential law, the district court did not err by considering the prior aggravated felony convictions in sentencing Carrera–Reyes for illegal reentry without proof of the prior aggravated felony beyond a reasonable doubt. *Id.* at 414 (concluding that *Apprendi* carved out an exception for prior convictions, specifically preserving the holding in *Almendarez–Torres*).

■ Additionally, Carrera–Reyes' contention that *Almendarez–Torres* requires that he admit guilt of the prior aggravated felony at the change of plea hearing is without merit because "*Apprendi* held that all prior convictions-not just those admitted on the record—[are] exempt from *Apprendi's* general rule." *Id.*

AFFIRMED.