**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Jose TORRES–CASTILLO, aka; Rogelio Torrees–Castillo; aka Rogelio Miramontez–Vargas; aka Rogelio Miramontes–Miramonte; aka Jose Castillo Torres; aka Roy Miramontes, Defendant–Appellant.**

No. 00–50240.

United States Court of Appeals, Ninth Circuit.

Submitted Jan. 8, 2001[1].

Decided Jan. 29, 2001.

---

**13.** *See* 997 F.2d at 624.

**1.** The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before BEEZER, O'SCANNLAIN, and KLEINFELD, Circuit Judges.

### MEMORANDUM[2]

Jose Torres–Castillo appeals his 77–month sentence imposed following his guilty plea conviction for being an alien found in the United States following deportation, in violation of 8 U.S.C. § 1326. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

Torres–Castillo contends that his 77–month sentence was imposed in violation of *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), because the district court enhanced his sentence based on prior convictions for aggravated felonies which were not charged in the indictment or proven beyond a reasonable doubt, nor did Torres–Castillo admit the fact of his prior felony convictions. We review the question of whether *Apprendi* requires that Torres–Castillo be re-sentenced for plain error. *See United States v. Nordby*, 225 F.3d 1053, 1060 (9th Cir.2000).

Torres–Castillo's contention is foreclosed by our ruling in *United States v. Pacheco–Zepeda*, 234 F.3d 411, 413–14 (9th Cir. 2000) (holding that under *Almendarez–Torres*, recidivism increasing the maximum penalty need not be charged in the indict-ment, submitted to a jury or proven beyond a reasonable doubt).

AFFIRMED.

2. This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.