**UNITED STATES OF AMERICA,**
Plaintiff–Appellee,

v.

**Ruben Rodolfo PALOMARES–MUNOZ,**
Defendant–Appellant.

No. 00–50216.
D.C. No. CR–99–02301–TJW.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Jan. 10, 2001.

Decided March 5, 2001.

Before TROTT, THOMAS, and BERZON, Circuit Judges.

## MEMORANDUM [1]

Ruben Palomares–Munoz ("Palomares") appeals his conviction and sentence imposed under 8 U.S.C. § 1326 for being a

---

[1]. This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

deported alien found in the United States without the Attorney General's permission. Because the parties are familiar with the factual and procedural history of this case, we will not recount it here.

▇▇ 1. The district court did not err in denying Palomares's motion for acquittal. In reviewing sufficiency of evidence challenges, we may reverse only when, viewing the evidence in the light most favorable to the government, no reasonable jury could have found Palomares guilty beyond a reasonable doubt. *Jackson v. Virginia,* 443 U.S. 307, 319, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979). The testimony of agents of the Immigration and Naturalization Service ("INS") at Palomares's trial and Agent Martin's testimony that he obtained a copy of the fingerprints taken by the San Diego police upon Palomares's arrest provide circumstantial evidence from which a jury could infer that the INS found Palomares in the United States.

Because Palomares failed to present his remaining sufficiency argument to the trial court, he has waived it on appeal. *See United States v. Quintana–Torres,* 224 F.3d 1157, 1159 (9th Cir.2000).

▇▇ 2. The district court did not commit plain error by admitting lay opinion testimony concerning Mexican geography based on an INS agent's personal perceptions. *Cf. Fireman's Fund Ins. Cos. v. Alaskan Pride Partnership,* 106 F.3d 1465, 1468 (9th Cir.1997) (classifying as "lay testimony" and thus allowing an insurance claim manager's opinion because it was based on his own perception). Similarly, no error occurred in the admission of an INS agent's testimony, based on personal perception, that Sonoran birth documents are kept "in a book."

▇▇ 3. Assuming without deciding that the district court erred by admitting INS Agent Martin's testimony about Mexican law, such error was harmless because of the other testimony presented in the case. First, sufficient evidence existed from which the jury could infer guilt. Second, Martin's testimony arguably favored Palomares because it supported the defense theory that a child born in the U.S. could be subsequently registered in Mexico.

▇▇ 4. The government did not violate Fed.R.Crim.P. 16(a)(1)(E) by the presentation of Agent Martin's testimony because it was given in rebuttal: Rule 16's expert testimony notice requirements apply only to the case-in-chief.

▇▇ 5. The district court did not abuse its discretion in admitting the Mexican birth registration. First, the document was properly authenticated under Fed.R.Evid. 901, based on the testimony of Agent Martin and the certification on the document itself. *See United States v. Chu Kong Yin,* 935 F.2d 990, 996 (9th Cir.1991). Second, it falls within the hearsay exception for vital statistics because it includes on its face the recording official's certification that the report was made pursuant to law. Fed.R.Evid. 803(9).

▇▇ Moreover, the registration bears sufficient "guarantees of trustworthiness" that its admission did not violate the Confrontation Clause. *See Idaho v. Wright,* 497 U.S. 805, 816, 110 S.Ct. 3139, 111 L.Ed.2d 638 (1990). Considering only the circumstances surrounding the making of the statement of where the baby was born, *id.* at 819, 110 S.Ct. 3139, there was no reason to doubt the truthfulness of the reporting individual's statements concerning her baby's birth at the time the document was admitted into evidence. First, the mother made her report "not … gratuitously, but pursuant to Mexican law." *United States v. Wing,* 450 F.2d 806, 812 (9th Cir.1971). Second, the statements of family members about matters of family

history are generally presumed to be truthful. *See* Fed.R.Evid. 803(19). Third, the two witnesses to the registration attested that they agreed with the document's contents.

6. Palomares's contention that re-sentencing is required pursuant to *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), is foreclosed by *United States v. Pacheco–Zepeda,* 234 F.3d 411 (9th Cir.2000), and *Almendarez–Torres v. United States,* 523 U.S. 224, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998).

AFFIRMED.