UNITED STATES of America,
Plaintiff–Appellee,

v.

Mario Humberto ARREOLA–TRASVI-
NA, aka Mario Humberto Arreo-
la, Defendant–Appellant.

No. 99–50711.
D.C. No. CR–98–00808–JSL–1.

United States Court of Appeals,
Ninth Circuit.

Submitted Jan. 8, 2001.[1]

Decided March 8, 2001.

Before BEEZER, O'SCANNLAIN, and KLEINFELD, Circuit Judges.

MEMORANDUM[2]

Mario Humberto Arreola–Trasvina appeals his 57–month sentence imposed following a guilty plea conviction for being an illegal alien found in the United States following deportation, in violation of 8 U.S.C. § 1326. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

Arreola–Trasvina contends that the district court erred by enhancing his sentence 16–levels pursuant to U.S.S.G. § 2L1.2 for a prior aggravated felony conviction which was not charged in the indictment or admitted at his plea but which increased his sentence above the applicable statutory maximum penalty, in violation of *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct.

---

1. The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

2. This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.

2348, 147 L.Ed.2d 435 (2000). Arreola–Trasvina's contention is foreclosed by our decision in *United States v. Pacheco–Zepeda*, 234 F.3d 411 (9th Cir.2000) (concluding that *Apprendi* preserves the rule in *Almendarez–Torres v. United States*, 523 U.S. 224, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998), that prior convictions are sentencing factors). The district court therefore properly considered Arreola–Trasvina's aggravated felony in sentencing him although it was not charged in the indictment or proved beyond a reasonable doubt. *See Pacheco–Zepeda*, 234 F.3d at 413–14; *see also Apprendi*, 120 S.Ct. at 2362.

AFFIRMED.