**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Jesus Alfredo RAMIREZ–MEJIA,
Defendant–Appellant.**

**No. 00–50248.**

**D.C. No. CR–99–00884–MMM.**

United States Court of Appeals,
Ninth Circuit.

Submitted Jan. 8, 2001.[1]

Decided March 8, 2001.

Before BEEZER, O'SCANNLAIN, and KLEINFELD, Circuit Judges.

### MEMORANDUM[2]

Jesus Alfredo Ramirez–Mejia appeals his 70–month sentence following a guilty plea conviction for illegal reentry by a deported alien, in violation of 8 U.S.C. § 1326. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

Ramirez–Mejia contends that the district court erred by enhancing his sentence 16–levels pursuant to U.S.S.G. § 2L1.2 for a prior aggravated felony which was neither charged in the indictment nor admitted at his plea, but which increased his sentence above the applicable statutory maximum penalty, in violation of *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000). Ramirez–Mejia's contention is foreclosed by our decision in *United States v. Pacheco–Zepeda*, 234 F.3d 411 (9th Cir.2000) (concluding that *Apprendi* preserves the rule in *Almendarez–Torres v. United States*, 523 U.S. 224, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998), that prior convictions are sentencing factors). The district court therefore properly considered Ramirez–Mejia's prior convictions in sentencing him although they were not charged in the indictment, admitted on the record, or proved beyond a reasonable doubt. *See Pacheco–Zepeda*, 234 F.3d 413–14; *see also Apprendi*, 120 S.Ct. at 2362.

AFFIRMED.

---

2. The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

