**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Dushane FRED, Defendant–Appellant.**

No. 00–10261.

D.C. No. CR–99–00389–RGS.

United States Court of Appeals, Ninth Circuit.

Submitted May 18, 2001 *.

Decided May 22, 2001.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed.

Before O'SCANNLAIN, TASHIMA and THOMAS, Circuit Judges.

MEMORANDUM **

Dushane Fred appeals his sentence of 96 months imposed after a guilty plea to a violation of 18 U.S.C. § 113(a)(6). We have jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742 and we affirm. Because the parties are familiar with the factual and procedural history of this case, we will not recount it here.

I

Fred argues on appeal that the district court did not adequately explain the extent of its reasons for departing upward and that the extent of the departure was unreasonable. Because Fred did not challenge below the district court's statement of its reasons for departing upward or the reasonableness of the departure, we review his challenge here for "plain error." *United States v. Pacheco–Zepeda,* 234 F.3d 411, 413 (9th Cir.2000). "To obtain a reversal under this standard, [Fred]must prove that there was 'error' that was 'plain' and that affected 'substantial rights.' " *Id.* (quoting *United States v. Olano,* 507 U.S. 725, 732, 113 S.Ct. 1770, 123 L.Ed.2d 508 (1993)). If such conditions are satisfied, we may exercise our discretion to notice the forfeited error only if such error "seriously affect [s] the fairness, integrity, or public reputation of the judicial proceedings." *Id.*

Under U.S.S.G. § 5K2.0, a district court may depart when "there exists an aggravating or mitigating circumstance of a kind, or to a degree, not adequately taken into consideration by the Sentencing Commission in formulating the guidelines that should result in a sentence different from that described." *Koon v. United States,* 518 U.S. 81, 92, 116 S.Ct. 2035, 135 L.Ed.2d 392 (1996) (quoting 18 U.S.C. § 3553(b)). The sentencing colloquy and supporting documents indicate that the district court was relying on U.S.S.G. § 5K2.1 and § 5K2.8 in imposing an upward departure. The record contains ample support for the departure; the assault was heinous and resulted in death. Although the district court could have been more explicit in its findings, neither the extent of the departure nor any deficiency in articulating reasoning "seriously affect[ed] the fairness, integrity, or public reputation of the judicial proceedings." Thus, we conclude that no plain error relief is warranted.

R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36-3.

## II

Fred argues that the financial conditions imposed on his supervised release were not reasonably related to the permissible purpose of ensuring restitution because the garnishment of wages he would receive during incarceration would most likely satisfy the restitution amount. However, he waived this argument by failing to present it to the district court. *United States v. Manarite*, 44 F.3d 1407, 1419 (9th Cir. 1995).

AFFIRMED.