**UNITED STATES of America,**
**Plaintiff–Appellee,**

**v.**

**Rogelio DIAZ–PINEDA, aka Rojelio**
**Diaz–Penetha; Juan Diaz**
**Defendant–Appellant.**

No. 00–103–57.

**D.C. No. CR 00–00078 MMC.**

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted July 11, 2001.

Decided Aug. 14, 2001.

Before HALL, WARDLAW, and BERZON Circuit Judges.

MEMORANDUM *

Rogelio Diaz–Pineda ("Diaz") appeals his seventy-seven month sentence for illegally reentering the United States following deportation, in violation of 8 U.S.C. § 1326. We have jurisdiction pursuant to 18 U.S.C. § 1291 and we affirm.

 Diaz first argues that the district court erred in refusing to grant him a two-step reduction in his sentence for acceptance of responsibility. We disagree. Section 3E1.1 of the United States Sentencing Guidelines provides a two-level reduction in the offense level if a defendant "clearly demonstrates acceptance of responsibility for his offense." U.S.S.G. § 3E1.1(a). "A failure to demonstrate contrition and remorse weighs against a finding of acceptance of responsibility, because implicit in acceptance of responsibility is an admission of moral wrongdoing." *United States v. Connelly,* 156 F.3d 978, 982 (9th Cir.1998) (internal quotations omitted). "Whether or not a defendant has accepted responsibility for his crime is a factual determination to which the clearly erroneous standard of review applies."

*United States v. Gillam,* 167 F.3d 1273, 1279 (9th Cir.1999).

On redirect examination at trial, Diaz attempted to excuse his reentry into the United States and to divert blame for his actions. He testified that he returned to the United States because he is Guatemalan and the INS wrongly deported him to Mexico. He also testified that he could not return to Guatemala because he was "involved in internal problems in the country." The district court's conclusion that Diaz failed to accept responsibility for his crime is not clearly erroneous in light of this testimony and the trial tactic of shifting responsibility for the crime that it supported. *See United States v. Scrivener,* 189 F.3d 944, 948 (9th Cir.1999) ("One example of inconsistent conduct that weighs against a finding of acceptance of responsibility is a defendant's attempt to minimize his own involvement in the offense."); *Connelly,* 156 F.3d at 982–83 (not clearly erroneous to deny the reduction to a defendant who plead guilty but attempted to excuse his motive for committing the crime). Because Diaz did not qualify for the 2 level reduction under § 3E1.1(a), he is ineligible for the additional 1 level reduction under § 3E1.1(b). *See U.S. Sentencing Guidelines Manual § 3E1.1 (2000).

 Diaz also contends that the district court committed plain error or exceeded its jurisdiction by enhancing Diaz's sentence based on his prior aggravated felony conviction because the government did not attempt to submit evidence as to that conviction at trial. This claim is foreclosed by *Almendarez–Torres v. United States,* 523 U.S. 224, 226–27, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998). *See also United States v. Pacheco–Zepeda,* 234 F.3d 411, 414 (9th Cir.2000) (noting that the Supreme Court had preserved *Almendarez–Torres* as a narrow exception to the rule

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

established in *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000)), *cert. denied,* — U.S. ——, 121 S.Ct. 1503, 149 L.Ed.2d 388 (2001).

Affirmed.