**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Andres RUELAS–ARREGUIN,**
**Defendant–Appellant.**

**No. 00–50761.**

**D.C. No. CR–98–021000–NAJ.**

United States Court of Appeals,
Ninth Circuit.

Submitted Sept. 10, 2001.[1]

Decided Sept. 21, 2001.

Before HUG, PREGERSON, and
WARDLAW, Circuit Judges.

## MEMORANDUM [2]

Andres Ruelas–Arreguin appeals his 57–month sentence imposed following a jury trial and conviction for illegal reentry of a previously deported alien, in violation of 8 U.S.C. § 1326. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

Ruelas–Arreguin challenges his sentence under *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), contending that: (1) 8 U.S.C. § 1326 is unconstitutional because it allows a sentence enhancement beyond the statutory maximum based on a fact not submitted to a jury; (2) *Apprendi* overruled the holding in *Almendarez–Torres v. United States,* 523 U.S. 224, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998) that a sentence may be enhanced based on a prior conviction without submitting that issue to a jury; and (3) *Apprendi* limits *Almendarez–Torres* to its facts and precludes its application where a defendant exercises his right to a jury trial. These contentions are foreclosed by this court's decision in *United States v. Arellano–Rivera,* 244 F.3d 1119, 1127 (9th Cir.2001) (on de novo review, holding that *Apprendi* did not overrule *Almendarez–Torres* ). *See United States v. Pacheco–Zepeda,* 234 F.3d 411, 414–15 (9th Cir.), *cert. denied,* —— U.S. ——, 121 S.Ct. 1503, 149 L.Ed.2d 388 (2001) (same, reviewing for plain error).

AFFIRMED.

---

1. The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

2. This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.