**UNITED STATES of America, Plaintiff–Appellee,**

v.

**David PAZ–PAZ, Defendant–Appellant.**

No. 00–10206.

DC# CR–99–00203–JBR.

United States Court of Appeals, Ninth Circuit.

Submitted Oct. 15, 2001 *.

Decided Oct. 23, 2001.

Before REINHARDT, GRABER and BERZON, Circuit Judges.

### MEMORANDUM **

David Paz–Paz appeals his 41–one month sentence imposed following his guilty plea conviction for illegal reentry of a deported alien, in violation of 8 U.S.C. § 1326. We have jurisdiction pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742, and we affirm in part and remand in part.

Paz–Paz contends that under *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), the existence and nature of a prior felony conviction used to enhance his sentence must be charged in the indictment and proved beyond a reasonable doubt. Paz–Paz also

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

contends that *Apprendi* limited *Almendarez–Torres v. United States,* 523 U.S. 224, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998) to its unique facts.

Paz–Paz's contentions, however, are foreclosed by our decisions in *United States v. Pacheco–Zepeda,* 234 F.3d 411, 414 (9th Cir.) (applying plain error review), *cert. denied,* —— U.S. ——, 121 S.Ct. 1503, 149 L.Ed.2d 388 (2001) and *United States v. Arellano–Rivera,* 244 F.3d 1119, 1127 (9th Cir.2001) (applying de novo review). The sentence therefore is affirmed.

We, nevertheless, *sua sponte* remand to the district court with instructions to correct the judgment of conviction to exclude reference to 8 U.S.C. § 1326(b)(2). *See United States v. Rivera–Sanchez,* 222 F.3d 1057, 1062–63 (9th Cir.2000).

AFFIRMED in part; and REMANDED in part.