**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Gabriel PACHECO–ZEPEDA,**
**Defendant–Appellant.**

**No. 99–50720.**

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Sept. 13, 2000

Filed Dec. 6, 2000

As Amended Feb. 8, 2001.

Jean Rosenbluth and Jason A. Forge, Assistant United States Attorneys, Los Angeles, California, for the plaintiff-appellee.

Before: PREGERSON, W. FLETCHER, and GOULD, Circuit Judges.

RONALD M. GOULD, Circuit Judge:

Gabriel Pacheco–Zepeda ("Pacheco–Zepeda") appeals his 57–month sentence for illegally reentering the United States following deportation in violation of 8 U.S.C. § 1326. Pacheco–Zepeda contends that the district court improperly enhanced his sentence on the basis of prior convictions for aggravated felonies that were not charged in the indictment, submitted to a jury, and proved beyond a reasonable doubt.[1] We reject this argument because it is foreclosed by *Almendarez–Torres v. United States,* 523 U.S. 224, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998).

## FACTS AND PROCEDURAL HISTORY

On June 22, 1999, the Immigration and Naturalization Service ("INS") learned that Pacheco–Zepeda had been arrested by the Los Angeles Sheriff's Department. Shortly thereafter, while processing Pacheco–Zepeda for deportation, the INS discovered that he had been deported from the United States on five prior occasions and had not been given permission to reenter.

On July 16, 1999, the government filed an indictment charging Pacheco–Zepeda with violating 8 U.S.C. § 1326. The indictment did not allege that Pacheco–Zepeda had previously been convicted of any felo-

Korey House, Deputy Federal Public Defender, Los Angeles, California, for the defendant-appellant.

---

1. Originally, Pacheco–Zepeda appealed on the ground that the district court failed to comply with Federal Rule of Criminal Procedure 11. After the Supreme Court's decision in *Appren-* *di v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), Pacheco–Zepeda withdrew his original appeal and challenged his sentence on the basis of *Apprendi.*

nies, aggravated or otherwise. On September 1, 1999, Pacheco–Zepeda pled guilty to the one-count indictment.

Following this plea, the United States Probation Office prepared a presentence report ("PSR") indicating that Pacheco–Zepeda had previously been convicted of several aggravated felonies. In each instance, Pacheco–Zepeda had been deported after serving his sentence. Given this criminal history, the PSR applied a 16–level enhancement to Pacheco–Zepeda's base offense level.[2] Pacheco–Zepeda neither admitted nor contested the fact of his prior convictions. He also did not challenge the use of such convictions to enhance his sentence. He did argue, however, that the criminal history category set forth in the PSR overstated the seriousness of his prior conduct.

At sentencing, the district court adopted the PSR's sentencing calculations, including the 16–level enhancement, but granted Pacheco–Zepeda's request for a downward departure based on the overstatement of his criminal history. Operating within the resulting Guideline range of 57–71 months, the court sentenced Pacheco–Zepeda to 57 months imprisonment. Pacheco–Zepeda now appeals.

### DISCUSSION

■ Because Pacheco–Zepeda did not challenge the use of his prior aggravated felony convictions to enhance his sentence, we review his claims for plain error. *United States v. Nordby*, 225 F.3d 1053, 1060 (9th Cir.2000). To obtain a reversal under this standard, Pacheco–Zepeda must prove that there was "error," the error was "plain," and the error affected "substantial rights." *United States v. Olano*, 507 U.S. 725, 732 (1993). If such conditions are satisfied, we may exercise our discretion to notice the forfeited error only

if such error "seriously affect[s] the fairness, integrity, or public reputation of the judicial proceedings." *Id.*

#### A

Aliens who return to the United States after deportation and without permission are subject to two years incarceration. 8 U.S.C. § 1326(a). An additional prison term of up to twenty years may be imposed for aliens "whose [prior] removal was subsequent to a conviction for commission of an aggravated felony." 8 U.S.C. § 1326(b)(2). Pacheco–Zepeda, whose sentence for illegal reentry was increased pursuant to § 1326(b)(2), asserts that the district court erred in considering his prior aggravated felony convictions during sentencing because such convictions were not charged in the indictment or proved beyond a reasonable doubt.[3] In light of *Almendarez–Torres v. United States*, 523 U.S. 224, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998), this argument fails.

■ In *Almendarez–Torres*, the Supreme Court considered whether § 1326(b)(2) "defines a separate crime or simply authorizes an enhanced penalty." 523 U.S. at 226, 118 S.Ct. 1219. The Supreme Court expressly and unequivocally held that § 1326(b)(2) "simply authorizes a court to increase the sentence for a recidivist ... [and] does not define a separate crime." *Id.* In so holding, the Court rejected the argument that, because the fact of recidivism increased the maximum penalty to which a defendant was exposed, Congress was constitutionally required to treat recidivism as an element of the crime that must be charged in the indictment and proved beyond a reasonable doubt. *Id.* at 239, 118 S.Ct. 1219. *Almendarez–Torres*, therefore, "stands for the proposition that not every fact expanding a penalty range must be stated in a felony indictment, the precise holding being that recidivism increasing the maxi-

---

**2.** Section 2L1.2(b)(1)(A) of the Sentencing Guidelines provides for a 16–level increase where a defendant convicted of violating § 1326 was previously deported after an aggravated felony conviction.

**3.** It is not clear from the record whether the district court considered one or all of Pache-

co–Zepeda's prior aggravated felony convictions in imposing the 57–month sentence. For purposes of this appeal, however, the issue is irrelevant. The enhancement under § 1326(b)(2) would have been the same whether the district court considered one or all of the prior aggravated felonies.

mum penalty need not be so charged."
*Jones v. United States,* 526 U.S. 227, 248,
119 S.Ct. 1215, 143 L.Ed.2d 311 (1999).

■ Thus, *Almendarez–Torres* is dispositive here. The district court was entitled to consider any prior aggravated felony convictions in sentencing Pacheco–Zepeda for illegal reentry even though such conduct had not been charged in the indictment, presented to a jury, and proved beyond a reasonable doubt.

### B

Pacheco–Zepeda contends that a different result is required by *Apprendi.* In *Apprendi,* the defendant appealed the sentence imposed following his plea of guilty to second-degree possession of a firearm for an unlawful purpose. *Apprendi,* 120 S.Ct. at 2352. Although the statutory penalty for this crime was five to ten years in prison, the trial judge found by a preponderance of the evidence that the defendant had violated New Jersey's hate crime statute and thus enhanced his sentence to twelve years. *Id.* On appeal, the United States Supreme Court reversed the sentence, holding that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." *Id.* at 2362–63.

Pacheco–Zepeda asserts that *Apprendi* so "thoroughly undermined the reasoning of [*Almendarez–Torres* ]" that the case "no longer has precedential value." We reject this argument.

It is true that in *Apprendi,* the Court expressed reservations about *Almendarez–Torres. Apprendi,* 120 S.Ct. at 2362 ("[I]t is arguable that *Almendarez–Torres* was incorrectly decided, and that a logical application of our reasoning today should apply if the recidivist issue were contest-

ed."). However, the Court reasoned that any due process or Sixth Amendment concerns—arising out of the judicial determination of a "fact" that increased punishment beyond the statutory maximum—were mitigated in *Almendarez–Torres* by "[b]oth the certainty that procedural safeguards attached to any 'fact' of prior conviction, and the reality that [the defendant] did not challenge the accuracy of that 'fact' in his case." *Id.* Thus, the Court in *Apprendi* chose not to overrule *Almendarez–Torres,* and unmistakably carved out an exception for "prior convictions" that specifically preserved the holding of *Almendarez–Torres. Id.* at 2362–63.

■ Because *Apprendi* preserves *Almendarez–Torres* as a "narrow exception" to *Apprendi* 's general rule, we can conclude, at most, that *Apprendi* casts doubt on the continuing viability of *Almendarez–Torres.* If the views of the Supreme Court's individual Justices and the composition of the Court remain the same, *Almendarez–Torres* may eventually be overruled.[4] But such speculation does not permit us to ignore controlling Supreme Court authority. Unless and until *Almendarez–Torres* is overruled by the Supreme Court, we must follow it. *Agostini v. Felton,* 521 U.S. 203, 237, 117 S.Ct. 1997, 138 L.Ed.2d 391 (1997) (directing that lower courts should " 'leav[e] to this Court the prerogative of overruling its own decisions' ") (quoting *Rodriguez de Quijas v. Shearson/Am. Express, Inc.,* 490 U.S. 477, 484, 109 S.Ct. 1917, 104 L.Ed.2d 526 (1989)).

### C

■ Pacheco–Zepeda argues in the alternative that *Apprendi* limited *Almendarez–Torres* "strictly to the facts of that case." We disagree. Although *Apprendi* does refer to the fact that the defendant in *Almendarez–Torres* did not challenge the

---

**4.** *Almendarez–Torres* was a five to four decision in which Justice Scalia, joined by Justices Stevens, Souter and Ginsburg, dissented. Justice Thomas—who cast the fifth and deciding vote in *Almendarez–Torres,* stated in *Apprendi* that *Almendarez–Torres* was wrongly decided. 120 S.Ct. at 2379 (Thomas, J. concurring).

accuracy of his prior convictions, nowhere does *Apprendi* limit *Almendarez–Torres* to cases where a defendant admits prior aggravated felony convictions on the record. *Apprendi,* 120 S.Ct. at 2362. To the contrary, *Apprendi* held that *all* prior convictions—not just those admitted on the record—were exempt from *Apprendi*'s general rule and, under *Almendarez–Torres,* may continue to be treated as sentencing factors.

## CONCLUSION

Although they may conflict in spirit, the rules of *Apprendi* and *Almendarez–Torres* can be reconciled. Thus, unless and until the Supreme Court expressly overrules it, *Almendarez–Torres* controls here. Under *Almendarez–Torres,* the government was not required to include Pacheco–Zepeda's prior aggravated felony convictions in the indictment, submit them to a jury, or prove them beyond a reasonable doubt, and the district court properly considered such convictions in sentencing. Accordingly, the district court did not err, let alone plainly err, in sentencing Pacheco–Zepeda to 57 months.

AFFIRMED.