**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Jose Miguel MARTINEZ–LOMELI, aka**
**Juan Miguel Martinez–Lomeli,**
**Defendant–Appellant.**

**No. 00–50301.**

United States Court of Appeals,
Ninth Circuit.

Submitted Jan. 8, 2001[1].

Decided Jan. 25, 2001.

---

1. The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

1. The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before BEEZER, O'SCANNLAIN and KLEINFELD, Circuit Judges.

### MEMORANDUM[2]

Jose Miguel Martinez–Lomeli appeals his 77–month sentence imposed following conviction by guilty plea to a single count of being found in the United States following deportation, in violation of 8 U.S.C. § 1326. We have jurisdiction pursuant to 28 U.S.C. § 1291 and 18 U.S .C. § 3742(a). We review de novo, *United States v. Pacheco–Zepeda,* 234 F.3d 411, 412–13 (9th Cir.2000), and affirm.

Martinez–Lomeli contends that the district court erred by sentencing him pursuant to 8 U.S.C. § 1326(b)(2). Specifically, he argues that *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), requires that the fact of his prior conviction for an aggravated felony be proved beyond a reasonable doubt. We disagree.

The plain language of *Apprendi* excludes from its holding prior convictions, thereby preserving the specific holding of *Almendarez–Torres v. United States,* 523 U.S. 224, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998), that subsection (b)(2) constitutes a sentence enhancement and not a separate offense. *Pacheco–Zepeda,* at 414. The district court, therefore, properly sentenced Martinez–Lomeli pursuant to subsection (b)(2). *Id.* at 414.

AFFIRMED.

---

2. This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.

