**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

Enrique **OBREGON–SEGURA;** aka Henry Segura Obregon; aka Henry Obregon; aka Henry Obregon–Segura; aka Enrique Obregon–Segura; aka Enrique Obregon–Seguro, Defendant–Appellant.

No. 00–50430.

D.C. No. CR–00–00041–CM.

United States Court of Appeals, Ninth Circuit.

Submitted March 12, 2001.[1]

Decided March 28, 2001.

Before WALLACE, SILVERMAN and W. FLETCHER, Circuit Judges.

MEMORANDUM [2]

Enrique Obregon–Segura appeals his 77–month sentence imposed for being an

---

1. The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

2. This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.

alien found in the United States following deportation, in violation of 8 U.S.C. § 1326. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

Obregon–Segura contends that in light of *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435, (2000), section 1326(b)(2) is unconstitutional because it allows a court to increase the maximum penalty at sentencing, based on whether a defendant was deported subsequent to a conviction for an aggravated felony, without submitting this fact to a jury for proof beyond a reasonable doubt. This contention is without merit. Obregon–Segura's contention is foreclosed by the Supreme Court's decision in *Almendarez–Torres v. United States,* 523 U.S. 224, 239, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998) (upholding enhancement where the defendant admitted to underlying felony convictions and subsequent deportation) and this court's decision in *United States v. Pacheco–Zepeda,* 234 F.3d 411, 413–15 (9th Cir. 2000), *amended* (Feb. 8, 2001)(upholding the enhancement at sentencing where the record demonstrated that defendant had been deported following felony convictions). Accordingly, the district court did not err by imposing a 77–month sentence.

AFFIRMED.