<UNITED STATES of America,
Plaintiff–Appellee,

v.

Miguel ZAMUDIO–OROZCO,
Defendant–Appellant.

No. 00–30195.
D.C. No. CR–98–205–RHW.

United States Court of Appeals,
Ninth Circuit.

Submitted April 5, 2001 *.

Decided April 10, 2001.

---

\* The panel unanimously finds this case suitable for submission on the record and briefs and without oral argument. Fed. R.App. P. 34(a)(2)

Before WOOD, JR.,** TROTT, and PAEZ, Circuit Judges.

MEMORANDUM ***

Miguel Zamudio–Orozco appeals his 51–month sentence imposed after having been convicted in a jury trial on a single count of being an alien in the United States after deportation, in violation of 8 U.S.C. § 1326. We have jurisdiction pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742, and we affirm.

** Honorable Harlington Wood, Jr., Senior Circuit Judge, United States Court of Appeals for the Seventh Circuit, sitting by designation.

Because Zamudio–Orozco did not challenge the prior aggravated felony convictions used to enhance his sentence nor object to the indictment, we review his claims for plain error. *United States v. Pacheco–Zepeda,* 234 F.3d 411, 413 (9th Cir.2001).

At sentencing, the district court increased Zamudio–Orozco's offense level pursuant to U.S.S.G. § 2L1.2(b)(1)(A), which authorizes a 16–level increase where "the defendant previously was deported after a criminal conviction [and] the conviction was for an aggravated felony." Information in Zamudio–Orozco's presentence report ("PSR") stated that he had two prior aggravated felony convictions, one in 1988 and one in 1993, both for delivery of a controlled substance. Relying on *Apprendi v. New Jersey,* 530 U.S. 466, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), Zamudio–Orozco maintains that the district court erred by imposing a sentence in excess of the two-year maximum set forth in 8 U.S.C. § 1326(a) on the basis that neither of the prior convictions were charged in the indictment, submitted to the jury, and proved beyond a reasonable doubt. The Supreme Court in *Apprendi* stated, "Other than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." 120 S.Ct. at 2362–63. Zamudio–Orozco contends that *Apprendi* renders inapplicable *Almendarez–Torres v. United States,* 523 U.S. 224, 226, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998), which held that 8 U.S.C. § 1326(b)(2)—the subsection which increases the penalty for previous deportation following conviction of an aggravated

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

felony—is a penalty provision for recidivist behavior and does not define a separate offense. Therefore, a prior conviction is the only factor that increases a penalty beyond the statutory maximum that need not be submitted to a jury. *See Jones v. United States,* 526 U.S. 227, 248, 119 S.Ct. 1215, 143 L.Ed.2d 311 (1999). Zamudio-Orozco's argument is foreclosed by this court's decision in *Pacheco–Zepeda,* which held that *Apprendi* did not overrule *Almendarez–Torres,* and found that the government is not required to included prior aggravated felony convictions in the indictment, submit them to a jury, or prove them beyond a reasonable doubt when used as the basis for a sentencing enhancement under 8 U.S.C. § 1326(b)(2). 234 F.3d at 415.

■ In addition, Zamudio-Orozco's argument that the PSR, uncontroverted by any other evidence, is insufficient to prove a prior conviction, has been addressed and rejected by this court in *United States v. Romero–Rendon,* 220 F.3d 1159, 1163 (9th Cir.2000) (holding that the PSR alone provides clear and convincing evidence of the previous conviction for aggravated felony where the defendant has been convicted under 8 U.S.C. § 1326 with a sentencing enhancement under U.S.S.G. § 2L1.2(b)(1)(A)).

AFFIRMED.