**UNITED STATES of America,**
**Plaintiff—Appellee,**

v.

**Adrian MARTINEZ–CEBALLOZ**
**Defendant–Appellant.**

No. 00–10059.

D.C. No. CR–99–00202–LDG.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted April 10, 2001.

Decided May 22, 2001.

Before O'SCANNLAIN and W. FLETCHER, Circuit Judges, and KELLEHER, District Judge.[**]

MEMORANDUM [*]

Adrian Martinez–Ceballoz was convicted after a jury trial for unlawful reentry of a deported alien in violation of 8 U.S.C. § 1326(a) and was sentenced to a term of 92 months. Martinez–Ceballoz appeals his conviction and sentencing on several grounds. The facts and prior proceedings are known to the parties; they are not restated herein except as necessary.

I

Martinez–Ceballoz first argues that the district court committed reversible error by failing to instruct the jury that a defendant must "voluntarily" reenter the United

[**] The Honorable Robert J. Kelleher, Senior United States District Judge for the Central District of California, sitting by designation.

[*] This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

States in order to violate 8 U.S.C. § 1326(a). Because Martinez–Ceballoz did not object to the jury instructions at the time of trial, we review only for plain error. *See Jones v. United States*, 527 U.S. 373, 388, 119 S.Ct. 2090, 144 L.Ed.2d 370 (1999).

■ In *United States v. Quintana–Torres*, 235 F.3d 1197 (9th Cir.2000), we held that "the voluntariness of the return is an element of [8 U.S.C. § 1326(a)] and, as such, must be proved beyond a reasonable doubt by the prosecution." *Id.* at 1200. Nevertheless, because the defendant was found well within the United States border in Laughlin, Nevada and never claimed that he involuntarily came into the United States, it was not plain error for the district court to have failed to instruct the jury on the element of voluntariness. *See United States v. Parga–Rosas*, 238 F.3d 1209, 1214 (9th Cir.2001) (no plain error where defendant was found well within United States and never claimed an involuntary entry).

## II

■ Martinez–Ceballoz next argues that the district court erred in failing to apply an offense level reduction to his sentence for acceptance of responsibility under U.S.S.G. § 3E1.1. Because Martinez–Ceballoz never requested a sentence reduction for acceptance of responsibility in the district court, he has waived this claim on appeal. *See United States v. Ortland*, 109 F.3d 539, 548 (9th Cir.1997) ("We hold that Ortland waived any claim that his role in the offense was minor when he did not request a reduction for minor participation in the district court.").

## III

■ Martinez–Ceballoz' final argument is that the district court erred by enhanc-

ing his sentence above the applicable statutory maximum penalty, in violation of *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), on the basis that his prior aggravated felony conviction was not charged in the indictment, presented to the jury, nor proven beyond a reasonable doubt. Martinez–Ceballoz' contention is foreclosed by our decision in *United States v. Pacheco–Zepeda*, 234 F.3d 411 (9th Cir.2000), which held that *Apprendi* preserves the rule in *Almendarez–Torres v. United States*, 523 U.S. 224, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998), that prior convictions are sentencing factors and not elements of the offense. Therefore, the district court properly considered Martinez–Ceballoz' prior aggravated felony conviction in sentencing him. *See Pacheco*, 234 F.3d at 415 (stating that "*Apprendi* held that all prior convictions-not those admitted on the record…may continue to be treated as sentencing factors").

AFFIRMED.