**UNITED STATES of America,
Plaintiff—Appellee,**

v.

**Victor Manuel MENDOZA–RIVAS,
aka Victor Manuel Mendoza,
Defendant—Appellant.**

No. 00–50541.

D.C. No. CR–00–00043–GHK–1.

United States Court of Appeals,
Ninth Circuit.

Submitted July 9, 2001.*

Decided July 12, 2001.

Before RYMER and RAWLINSON, Circuit Judges, and POGUE, Judge.**

MEMORANDUM ***

Victor Manuel Mendoza–Rivas appeals his conviction and sentence to 70 months imprisonment for illegally re-entering the United States after being deported in violation of 8 U.S.C. § 1326. We have jurisdiction under 18 U.S.C. § 3742 and 28 U.S.C. § 1291 and we affirm.

I

Mendoza contends that his guilty plea was involuntary because the district court

---

\* The panel unanimously finds this case suitable for decision without oral argument Fed R.App. P. 34(a)(2).

\*\* Honorable Donald C. Pogue, United States Court of International Trade Judge, sitting by designation.

\*\*\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

did not ensure that he understood his right to counsel and his right against self-incrimination and would waive them by pleading guilty. However, the court advised Mendoza of his constitutional and statutory rights, including the right to counsel through every stage of the proceeding and the right not to be compelled to be a witness against himself. Mendoza confirmed that his attorney had explained these rights to him, and that he was satisfied with his attorney's performance. He was asked, and affirmatively said that he understood that by pleading guilty he would be waiving or giving up his privilege against self-incrimination, and that he would give it up. He also indicated that he was pleading guilty freely and voluntarily, and understood the consequences of his guilty plea. In addition, his attorney stated that Mendoza understood the consequences of entering a guilty plea and in his view, was pleading voluntarily with an understanding of the nature of the charges and the consequences of the plea. The court found that Mendoza's plea was intelligently made. Accordingly, there was no Rule 11 error. *See United States v. Van-Doren,* 182 F.3d 1077, 1080 (9th Cir.1999).

## II

Mendoza's contention that his sentence violates the rule set forth in *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), is foreclosed by our decisions in *United States v. Pacheco-Zepeda,* 234 F.3d 411, 414–15 (9th Cir. 2000) (plain error review) and *United States v. Arellano-Rivera,* 244 F.3d 1119, 1127 (9th Cir.2001) (de novo review).

AFFIRMED.