**UNITED STATES of America,**
**Plaintiff—Appellee,**

v.

**Miguel REYES–SALGADO, aka**
**Jesus Ulise Reyes–Salgado,**
**Defendant—Appellant.**

No. 00–10331.
D.C. No. CR–98–01292–FRZ.

United States Court of Appeals,
Ninth Circuit.

Submitted July 13, 2001 *.

Decided July 17, 2001.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before CANBY, HAWKINS, and RONALD M. GOULD, Circuit Judges.

### MEMORANDUM **

Miguel Reyes–Salgado appeals his conviction and sentence, following a jury trial, for illegal entry into the United States after deportation in violation of 8 U.S.C. § 1326(a) and (b)(2).

First, Reyes–Salgado contends that the district court improperly denied his motion to dismiss the indictment. Specifically, Reyes–Salgado argues that the government's refusal to grant him an immigration asylum hearing violated his right to due process. This argument is without merit.

■■■ We have held that:
A district court may dismiss an indictment on the ground of outrageous government conduct if the conduct amounts to a due process violation. If the conduct does not rise to the level of a due process violation, the court may nonetheless dismiss under its supervisory powers. These powers may be exercised for three reasons: to remedy a constitutional or statutory violation; to protect judicial integrity by ensuring that a conviction rests on appropriate considerations validly before a jury; or to deter future illegal conduct.

*United States v. Barrera–Moreno,* 951 F.2d 1089, 1091 (9th Cir.1991) (internal citations omitted). "Dismissal of an indictment on due process grounds is reviewed de novo; dismissal based on the court's supervisory powers is reviewed for abuse of discretion." *Id.*

■■■ The district court did not err in denying Reyes–Salgado's motion to dismiss the indictment. Reyes–Salgado cites no authority for the proposition that a district court must dismiss a criminal indictment to enable an undocumented alien to obtain asylum. Furthermore, Reyes–Salgado has not demonstrated prejudice. *See United States v. Jacobs,* 855 F.2d 652, 655 (9th Cir.1988) (conduct must be flagrant *and* prejudicial). Reyes–Salgado waived his right to an asylum hearing in an immigration form signed at the time of his arrest and waived his right to apply for asylum at his 1998 removal hearing before an immigration judge. More importantly, as an aggravated felon, Reyes–Salgado may have been ineligible for asylum under the Illegal Immigration Reform and Immigrant Responsibility Act (IIRIRA). *See* 8 U.S.C. § 1158(b)(2)(A)(ii). The district court properly denied Reyes–Salgado's motion to dismiss the indictment.

■■■ Second, Reyes–Salgado argues for the first time on appeal that his aggravated felony conviction was an element of the illegal entry charge that the government was required to prove beyond a reasonable doubt. "Because [the defendant] did not challenge the use of his prior aggravated felony convictions to enhance his sentence, we review his claims for plain error." *United States v. Pacheco–Zepeda,* 234 F.3d 411, 413 (9th Cir.2000), *cert. denied* —— U.S. ——, 121 S.Ct. 1503, 149 L.Ed.2d 388 (2001).

The district court did not plainly err in enhancing Reyes–Salgado's sentence pursuant to 8 U.S.C. § 1326(b)(2). Reyes–Salgado illegally entered the United States following his previous conviction for an

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

aggravated felony. In *Pacheco–Zepeda*, we rejected the precise argument advanced by Reyes–Salgado here. *See* 234 F.3d at 414 (rejecting argument that the Supreme Court's decision in *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000) overruled *Almendarez–Torres v. United States*, 523 U.S. 224, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998)). The government was not required to submit to the jury and prove beyond a reasonable doubt Reyes–Salgado's previous aggravated felony conviction. The district court did not plainly err in sentencing Reyes–Salgado.

AFFIRMED.