**UNITED STATES of America,**
**Plaintiff—Appellee,**

v.

**Luis NAVARRO–BRAVO, aka Francisco Gonzalez aka Luis Navarro aka Louis Navarro, Defendant—Appellant.**

**No. 01–10219.**
**D.C. No. CR–00–00173–ROS.**

United States Court of Appeals,
Ninth Circuit.

Submitted Nov. 5, 2001.*

Decided Nov. 14, 2001.

Before KLEINFELD, McKEOWN and FISHER, Circuit Judges.

MEMORANDUM **

Luis Navarro–Bravo appeals the 63–month sentence imposed following his jury trial conviction for illegal reentry after deportation in violation of 8 U.S.C. § 1326. Navarro–Bravo contends that in light of *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), the district court erred in imposing a sentence in excess of the two-year maximum set forth in 8 U.S.C. § 1326(a) based upon a prior felony which was not pled in

---

* This panel unanimously finds this case suitable for decision without oral argument. Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

the indictment and which was not submitted to the jury and proven beyond a reasonable doubt. Navarro–Bravo is correct that this court has specifically rejected the contention that *Apprendi* has overruled *Almendarez–Torres v. United States,* 523 U.S. 224, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998) (holding that 8 U.S.C. § 1326(b)(2) is a sentencing factor and not a separate offense). Navarro–Bravo's arguments are foreclosed under *United States v. Pacheco–Zepeda,* 234 F.3d 411 (9th Cir.2000), *cert. denied,* 532 U.S. 966, 121 S.Ct. 1503, 149 L.Ed.2d 388 (2001).

■ We lack jurisdiction to review the district court's discretionary refusal to grant Navarro–Bravo's requests to depart downward from the Sentencing Guidelines. *United States v. Tam,* 240 F.3d 797, 805 (9th Cir.2001).

**AFFIRMED.**