**UNITED STATES of America
Plaintiff–Appellee,**

v.

**Victor DELGADO–ACEVES, aka
Raul Hernandez–Martinez
Defendant–Appellant.**

No. 01–10033.

D.C. No. CR–00–00167–LDG.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Nov. 7, 2001.

Decided Nov. 19, 2001.

806

Before FERNANDEZ, RYMER, and WARDLAW, Circuit Judges.

## MEMORANDUM *

Victor Delgado–Aceves, a native and citizen of Mexico, appeals from his guilty plea conviction and sentence for unlawful reentry of a deported alien in violation of 8 U.S.C. § 1326(a) & (b). We have jurisdiction pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a)(1) & (2).

## I

Delgado–Aceves argues that because his two removals for grand theft followed a reinstatement of a prior removal order under 8 U.S.C. § 1231, he was not removed "subsequent to a conviction for commission of an aggravated felony" and cannot be subject to an enhanced penalty under 8 U.S.C. § 1326(b)(2) and U.S.S.G. § 2L1.2(b)(1)(A). We disagree. 8 U.S.C. § 1326 governs "any alien who (1) has been ... deported, or removed, or has departed the United States while an order of exclusion, deportation or removal is outstanding, and thereafter (2) ... is at any time found in, the United States." If the "removal was subsequent to a conviction for commission of an aggravated felony," the alien may be fined and imprisoned up to twenty years. *Id.*

Delgado–Aceves confuses the "order" of removal with the actual physical removal under either the original or reinstated order of deportation, which triggers application of section 1326. The plain language of the statute addresses the physical act of removing the alien, not the procedural vehicle for the removal. Delgado–Aceves was removed twice subsequent to a conviction for commission of an aggravated felony, once in August 1998 following his February 1998 conviction for grand theft, and again, in November 1998 after a September 1998 conviction for grand theft. That the removal was accomplished each time by the reinstatement of his 1997 removal order is of no consequence. Delgado–Aceves is subject to the enhanced penalty pursuant to the plain, unambiguous language of 8 U.S.C. § 1326(b)(2) and U.S.S.G. § 2L1.2(b)(1)(A).

## II

Delgado–Aceves also contends that his sentence violated due process because it exceeded the two-year maximum punishment for the offense charge. *See Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000). This argument is foreclosed by *United States v. Pacheco–Zepeda,* 234 F.3d 411, 414–15 (9th Cir.2000), *cert. denied,* — U.S. —, 121 S.Ct. 1503, 149 L.Ed.2d 388 (2001).

## III

We remand this case to the district court for the limited purpose of correcting the judgment by striking the reference to 8 U.S.C. § 1326(b)(2). The judgment should reflect that the defendant was convicted of only one punishable offense pursuant to 8 U.S.C. § 1326(a). *See United States v. Rivera–Sanchez,* 222 F.3d 1057, 1061–62 (9th Cir.2000).

AFFIRMED in part; REMANDED in part with instructions.

---

* This disposition is inappropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.