UNITED STATES of America,
Plaintiff—Appellee,

v.

Martin ALARCON–JAIMEZ, aka Martin Guisache–Ormiga aka Martin Alejandro Lora, Defendant—Appellant.

No. 01–10577.
D.C. No. CR–00–00317–RLH/LRL.

United States Court of Appeals,
Ninth Circuit.

Submitted March 11, 2002 *.

Decided March 19, 2002.

Before FARRIS, W. FLETCHER and FISHER, Circuit Judges.

MEMORANDUM **

Martin Alarcon–Jaimez appeals the sentence imposed following his guilty plea to

---

\* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

illegal reentry after deportation in violation of 8 U.S.C. § 1326(a).

Alarcon–Jaimez contends that in light of *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), the district court improperly imposed a sentence in excess of the two year maximum set forth in 8 U.S.C. § 1326(a). He acknowledges that his contention is foreclosed by this court's recent holdings, *see e.g., United States v. Arellano–Rivera,* 244 F.3d 1119, 1126–27 (9th Cir.2001), but raises the issue to preserve in the event that the Supreme Court revisits the issue. We affirm the district court.

AFFIRMED.

UNITED STATES of America,
Plaintiff—Appellee,

v.

Mario TRIGUEROS–FLORES, aka Ruben Acosta, aka Ambrosio Lopez, Defendant—Appellant.

No. 01–10605.
D.C. No. CR–00–00481–HG.

United States Court of Appeals,
Ninth Circuit.

---

\*\* This disposition is not appropriate for publication and may not be cited to or by the

Submitted March 11, 2002 *.

Decided March 19, 2002.

Before FARRIS, W. FLETCHER, and FISHER, Circuit Judges.

## MEMORANDUM **

Mario Trigueros–Flores appeals the sentence imposed following his guilty plea to reentry of a deported alien, in violation of 8 U.S.C. § 1326. Trigueros–Flores contends that in light of *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), the district court violated his Fifth and Sixth Amendment rights when it enhanced his sentence based upon a prior conviction that was neither pleaded in the indictment nor admitted at the plea hearing. In support of this contention, Trigueros–Flores argues that *Apprendi* overruled *Almendarez–Torres v. United States,* 523 U.S. 224, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998). Trigueros–Flores concedes that his arguments, which he raises in order to preserve them for Supreme Court review, are foreclosed by *United States v. Pacheco–Zepeda,* 234 F.3d 411 (9th Cir.2000) (as amended).

AFFIRMED.

courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.