**UNITED STATES of America,
Plaintiff—Appellee,**

v.

**Efrain PARTIDA–GONZALEZ,
aka Efren Partida–Gonzalez,
Defendant—Appellant.**

No. 01–50430.
D.C. No. CR–01–00022–AHS–1.

United States Court of Appeals,
Ninth Circuit.

courts of this circuit except as provided by Ninth Circuit Rule 36–3.

Submitted Oct. 11, 2002.*

Decided Oct. 25, 2002.

Before HUG, BRUNETTI, and O'SCANNLAIN, Circuit Judges.

### MEMORANDUM **

Efrain Partida–Gonzalez pled guilty to one count of being an illegal alien found in the United States following deportation in violation of 8 U.S.C. § 1326. The district court imposed a sentence of 90 months, to be followed by three years supervised release and a $100 special assessment. Mr. Partida–Gonzalez appeals both his plea and his sentence. We have jurisdiction pursuant to 28 U.S.C. § 1291 and we affirm. Because the parties are familiar with the factual and procedural history of the case, we do not recount it here except as necessary to explain our decision.

Partida–Gonzalez argues that the district court violated Fed.R.Crim.P. 11 by failing to advise him of the true nature of the charges against him and failing to ensure that he understood the charges before accepting his guilty plea. The adequacy of a Rule 11 plea hearing is reviewed de novo.

The district court's colloquy was sufficient to inform Partida–Gonzalez of the true nature of the charges in compliance with Federal Rule of Criminal Procedure 11(c)(1). The colloquy advised defendant of the charges against him and the statutory maximum penalty for the offense. The unread portion of the indictment dealt only with prior convictions for aggravated felonies which exposed him to sentence enhancement under the Federal Sentencing Guidelines.

The contention that the Appellant was unaware of the true nature of the charges due to the omission is foreclosed by *United States v. Pacheco–Zepeda*, 234 F.3d 411 (9th Cir.), *amended by* 2000 WL 33156290, and *cert. denied*, 532 U.S. 966, 121 S.Ct. 1503, 149 L.Ed.2d 388 (2001). In *Pacheco–Zepeda*, the court held that even though aggravated felony convictions were not charged in the indictment or proven beyond a reasonable doubt, they could still be considered when sentencing for illegally reentering the United States following deportation. *See id.*

Because the colloquy was sufficient to inform Partida–Gonzalez of the true nature of the charges against him, the district court's opinion is AFFIRMED.

---

* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.