**Gyorgy FODOR, Plaintiff—Appellant,**

v.

**AOL TIME WARNER, INC; et al., Defendants—Appellees.**

No. 01–57051.

D.C. No. CV–01–03803–CAS.

United States Court of Appeals, Ninth Circuit.

Submitted Nov. 18, 2002.*

Decided Nov. 21, 2002.

Before REINHARDT, RYMER, and SILVERMAN, Circuit Judges.

MEMORANDUM **

Gyorgy Fodor appeals pro se the judgment of the district court dismissing with prejudice his Racketeer Influenced and Corrupt Organization Act ("RICO"), 18 U.S.C. §§ 1961–64, action alleging conspiracy between defendants in a prior case and various federal district and circuit judges who ruled against him. We have jurisdiction pursuant to 28 U.S.C. § 1291, we review de novo, *Barnett v. Centoni,* 31 F.3d 813, 816 (9th Cir.1994) (per curiam), and we affirm.

The district court properly determined that Fodor's RICO claims accrued on August 31, 1992, the date he learned of his injury, and were therefore barred by the four-year statute of limitations. *See Rotel-*

*la v. Wood,* 528 U.S. 549, 552–54, 120 S.Ct. 1075, 145 L.Ed.2d 1047 (2000); *Pincay v. Andrews,* 238 F.3d 1106, 1109 (9th Cir.), cert. denied, —— U.S. ——, 122 S.Ct. 195, 151 L.Ed.2d 137 (2001). Fodor's claim that additional defendants joined and furthered the objectives of the alleged conspiracy after this date does not alter this analysis. *See Rotella,* 528 U.S. at 554, 120 S.Ct. 1075 (rejecting "last predicate act" and "injury and pattern discovery" theories of RICO claim accrual and adopting "injury discovery" rule).

We conclude that Fodor's remaining contentions lack merit.

AFFIRMED.

**UNITED STATES of America, Plaintiff—Appellee,**

v.

**Martin VARGAS–MENDEZ, Defendant—Appellant.**

No. 02–10116.

D.C. No. CR–01–00082–PMP.

United States Court of Appeals, Ninth Circuit.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the

Submitted Nov. 18, 2002.*
Decided Nov. 21, 2002.

Before REINHARDT, RYMER and SILVERMAN, Circuit Judges.

## MEMORANDUM **

Martin Vargas–Mendez appeals his conviction and 96–month sentence for illegal reentry following deportation in violation of 8 U.S.C. § 1326. He contends that under *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), the district court deprived him of due process by imposing a sentence greater than Section 1326(a)'s two-year maximum based on Vargas–Mendez's prior aggravated felonies, where he did not admit to having previously committed the aggravated felonies.

Vargas–Mendez states that he presents the issue merely to preserve it in the event of ensuing favorable Supreme Court precedent, and acknowledges that his argument is foreclosed by *United States v. Pacheco–Zepeda*, 234 F.3d 411 (9th Cir.), *cert. denied*, 532 U.S. 966, 121 S.Ct. 1503, 149 L.Ed.2d 388 (2001).

Accordingly, the judgment and sentence are

AFFIRMED.

courts of this circuit except as provided by Ninth Circuit Rule 36–3.

* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.