of this circuit except as provided by Ninth Circuit Rule 36–3.

**UNITED STATES of America, Plaintiff—Appellee,**

v.

**Juan RUIZ–GONZALEZ, Defendant—Appellant.**

**No. 01–50727.**

**D.C. No. CR–01–00041–VAP–1.**

United States Court of Appeals, Ninth Circuit.

Submitted April 7, 2003.*

Decided April 25, 2003.

Before BEEZER, FERNANDEZ, and PAEZ, Circuit Judges.

MEMORANDUM**

Juan Ruiz–Gonzalez challenges the constitutionality of his conviction and sentence under 8 U.S.C. § 1326(b)(2). Ruiz–Gonzalez contends that we violate due process when we authorize the district court, rather than a jury, to determine that Ruiz–Gonzalez was convicted of an aggravated felony prior to re-entering the United States. *See* 8 U.S.C. § 1326(b)(2) (raising the maximum sentence from two years to 20 years where the re-entering alien was removed after conviction for an aggravated felony). The Supreme Court rejected this argument in *Almendarez–Torres v. United States*, 523 U.S. 224, 239, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998).

Ruiz–Gonzalez argues that we are not bound by *Almendarez–Torres* because the Supreme Court's decision in *Ring v. Arizona,* 536 U.S. 584, 122 S.Ct. 2428, 153 L.Ed.2d 556 (2002) "implicitly overruled" *Almendarez–Torres.* We are bound, however, by *Almendarez–Torres* unless and until *Almendarez–Torres* is expressly overruled by the Supreme Court. *United States v. Pacheco–Zepeda,* 234 F.3d 411, 411 (9th Cir.), *cert. denied,* 532 U.S. 966, 121 S.Ct. 1503, 149 L.Ed.2d 388 (2001). *Ring* does not purport to expressly overrule *Almendarez–Torres. See* 536 U.S. at ——, 122 S.Ct. at 2437 n.4.

The judgment is **AFFIRMED.**

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Cir. R. 36–3.