**UNITED STATES of America,
Plaintiff—Appellee,**

v.

**Jonathan MEJIA–CORTEZ,
Defendant—Appellant.**

No. 03–10133.

D.C. No. CR–02–00136–DWH/RJJ.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Nov. 4, 2003.

Decided Nov. 21, 2003.

Robert A. Bork, USLV–Office of the U.S. Attorney, Las Vegas, NV, for Plaintiff–Appellee.

Jason F. Carr, Office of the Federal Public Defender, Las Vegas, NV, for Defendant–Appellant.

Before CANBY, W. FLETCHER, and TALLMAN, Circuit Judges.

---

MEMORANDUM *

Jonathon Mejia–Cortez appeals the district court's denial of his motion to withdraw his guilty plea to the charge of illegal reentry after removal, 8 U.S.C. § 1326. We review for abuse of discretion the denial of a defendant's motion to withdraw. *See United States v. Nostratis,* 321 F.3d 1206, 1208 (9th Cir.2003).

Mejia–Cortez was a juvenile at the time of his removal hearing. It appears from the record that the Immigration Judge failed to follow applicable regulations and procedures for removing a juvenile alien. *See* 8 C.F.R. §§ 236.3(c) and (h), 1240.10(c). Because Mejia–Cortez did not raise this issue in the district court, we review for plain error. *United States v. Pacheco–Zepeda,* 234 F.3d 411, 413 (9th Cir.2000). The government candidly and commendably concedes that there appear to be valid legal concerns about the removal proceedings in light of Mejia–Cortez's status as a juvenile, and that a remand for further proceedings is appropriate. On the basis of this concession and the record, we find clear error and exercise our discretion to vacate the order denying withdrawal of the plea. We remand for further proceedings on an open record in order to determine the effect of the failure to follow procedures for juveniles on the validity of the removal proceedings and whether, in light of that determination, Mejia–Cortez should be allowed to withdraw his plea.

Mejia–Cortez also was not advised in his removal proceedings of his right to seek discretionary relief under 8 U.S.C. § 1182(h). In determining whether this failure violated due process and prejudiced Mejia–Cortez, the district court stated that, although *United States v. Arrieta,* 224 F.3d 1076 (9th Cir.2000), required Mejia–Cortez to show only a "plausible" ground for relief from deportation, our later decision in *United States v. Muro–Inclan,* 249 F.3d 1180 (9th Cir.2001), required that he actually demonstrate extreme hardship. *Muro–Inclan,* however, did not overrule or in any way depart from the standard enunciated in *Arrieta.* Both cases state that, in order to establish prejudice, a defendant must show that he had a "plausible" ground for relief from deportation. *See Muro–Inclan,* 249 F.3d at 1184; *Arrieta,* 224 F.3d at 1079; *see also United States v. Ubaldo–Figueroa,* 347 F.3d 718, 726 (9th Cir.2003). Because the district court's misreading of *Muro–Inclan* may have affected its determination of Mejia–Cortez's right to relief on this issue, we remand this matter as well for such further proceedings as the district court deems appropriate to determine whether Mejia–Cortez can demonstrate a plausible ground for relief under § 1182(h) and whether, in the light of that determination, he should be permitted to withdraw his plea.

VACATED AND REMANDED.

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.