**UNITED STATES of America,**
**Plaintiff—Appellee,**

v.

**Artemio LOPEZ–SARAVIA,**
**Defendant—Appellant.**

**No. 04–10016.**

United States Court of Appeals,
Ninth Circuit.

Submitted June 14, 2004.[*]

Decided June 22, 2004.

Robert A. Bork, Esq., Office of the U.S. Attorney, Las Vegas, NV, for Plaintiff-Appellee.

Jason F. Carr, Esq., Federal Public Defender's Office, Las Vegas, NV, for Defendant-Appellant.

---

[*] This panel unanimously finds this case suitable for decision without oral argument. *See*

Before: HALL, LEAVY and FISHER, Circuit Judges.

MEMORANDUM **

Artemio Lopez–Saravia appeals the judgment of conviction and his 30–month sentence for unlawful reentry by a deported alien in violation of 8 U.S.C. § 1326. He concedes that Ninth Circuit precedent forecloses his argument that imposition of a sentence longer than 8 U.S.C. § 1326(a)'s two-year statutory maximum based on a prior conviction neither alleged in the indictment nor admitted during the plea hearing violates due process under *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000). *United States v. Arellano–Rivera,* 244 F.3d 1119, 1127 (9th Cir.2001), *cert. denied,* 535 U.S. 976, 122 S.Ct. 1450, 152 L.Ed.2d 392 (2002); *United States v. Pacheco–Zepeda,* 234 F.3d 411, 414–15 (9th Cir.2000), *cert. denied,* 532 U.S. 966, 121 S.Ct. 1503, 149 L.Ed.2d 388 (2001). Lopez–Saravia states that he presents the issue merely to preserve it should ensuing Supreme Court precedent alter the legal landscape. The judgment is therefore

AFFIRMED.

Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.