**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Francisco OLEA–PINO, Defendant–Appellant.**

No. 04–10031.

United States Court of Appeals, Ninth Circuit.

Submitted Oct. 14, 2004.*

Decided Oct. 26, 2004.

Before: KLEINFELD, TASHIMA and GOULD, Circuit Judges.

MEMORANDUM **

Francisco Olea–Pino appeals the sentence imposed following his guilty plea to unlawful reentry by a deported, removed and/or excluded alien in violation of 8 U.S.C. § 1326(a). Olea–Pino asserts that the elements of 8 U.S.C. § 1326(b)(2) must be pled in the indictment and proved to a jury beyond a reasonable doubt. We disagree and affirm.

The indictment here did not specifically charge that Olea–Pino committed an offense under § 1326(b)(2); it charged him under § 1326(a). As the Supreme Court has clearly held, that was proper because § 1326(b)(2) "is a penalty provision, which simply authorizes a court to increase the sentence for a recidivist. It does not define a separate crime. Consequently, neither the statute not the Constitution requires the Government to charge the factor that it mentions, an earlier conviction, in the indictment." *Almendarez–Torres v. United States*, 523 U.S. 224, 226–27, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998).

Olea–Pino argues that *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), changes that. It does not. *See United States v. Arellano–Rivera*, 244 F.3d 1119, 1127 (9th Cir.2001); *United States v. Pacheco–Zepeda*, 234 F.3d 411, 414 (9th Cir.2000). Nor does *Ring v.*

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

*Arizona,* 536 U.S. 584, 609, 122 S.Ct. 2428, 153 L.Ed.2d 556 (2002), for it, too, excepts prior convictions from its strictures. *Id.* at 597 n. 4, 122 S.Ct. 2428. Nor does *Blakely v. Washington,* — U.S. —, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004). *See United States v. Quintana–Quintana,* No. 03–50254, slip op. 13291, 13292 (9th Cir. Sept. 13, 2004). Finally, as we said in *Pacheco–Zepeda,* 234 F.3d at 414, we cannot "ignore controlling Supreme Court authority. Unless and until *Almendarez–Torres* is overruled by the Supreme Court, we must follow it."

**AFFIRMED.**

---

\* The caption is amended to reflect that the Commissioner is the proper Defendant—Appellee.

\*\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.