**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**David MURILLO–BETANCOURT,**
**Defendant–Appellant.**

No. 05–50381.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted June 9, 2006.

Decided June 16, 2006.

Jason M. Ohta, on the brief, Mark Rehe, argued, Office of the U.S. Attorney, San Diego, CA, for Plaintiff–Appellee.

Kurt D. Hermansen, Federal Defenders Of San Diego, Inc., San Diego, CA, for Defendant–Appellant.

Before: REINHARDT, TROTT, and WARDLAW, Circuit Judges.

MEMORANDUM *

David Murillo–Betancourt appeals his conviction for being a previously deported alien found in the United States, in violation of 8 U.S.C. § 1326. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

1. Murillo contends that the district court erred in denying his Rule 29 motion

for acquittal. To convict Murillo of being "found in" the United States, the government had to prove that he "entered" the country free of official restraint. *United States v. Pacheco–Medina,* 212 F.3d 1162, 1166 (9th Cir.2000). While the government bears the burden of proof to demonstrate that an alien was not under constant surveillance from the time he crossed the border, *see United States v. Bello–Bahena,* 411 F.3d 1083, 1087 (9th Cir.2005), it is entitled to reasonable inferences from evidence in the record and need not disprove every possible theory of official restraint, *see United States v. Castellanos–Garcia,* 270 F.3d 773, 776 (9th Cir.2001).

■ The government presented the arresting officer, Aristeo Rangel of Customs and Border Protection, who testified that he was first alerted to the presence of Murillo by a call from dispatch that a seismic sensor had been tripped in Rangel's patrol zone. Rangel testified that he found Murillo by tracking Murillo's footprints into thick brush. Rangel denied using an infrared device to track or monitor Murillo, and he stated that there were no video cameras within the zone in which Murillo was captured. From the evidence presented at trial, a reasonable factfinder, reviewing the evidence in the light most favorable to the government, could infer that Murillo was not under constant surveillance from the time he crossed the border until his capture. *See Jackson v. Virginia,* 443 U.S. 307, 319, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); *United States v. Hernandez–Herrera,* 273 F.3d 1213, 1219 (9th Cir.2001).

■ 2. Murillo alleges he was precluded from presenting an "official restraint" defense because the district court prevented him from asking certain questions of

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

Agent Rangel on cross-examination. The district court did not prohibit testimony relevant to the issue of official restraint, because defense counsel was able to ask relevant questions about cameras, infrared scopes, and the presence and location of Border Patrol agents on the night in question. *See United States v. Rodriguez–Rodriguez,* 393 F.3d 849, 856 (9th Cir. 2005). The evidence precluded by the district court pertained to infrared scopes, cameras, and agents focused elsewhere in the border region and unrelated to the location where Murillo was found. Moreover, the district court did not preclude Murillo from calling any other agents as defense witnesses. *See Castellanos–Garcia,* 270 F.3d at 777. The district court did not abuse its discretion in limiting the cross-examination, and Murillo's Sixth Amendment rights were not violated.

■ 3. Murillo claims that 8 U.S.C. § 1326 violates *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), and the Sixth Amendment. These claims are foreclosed. The exception for prior convictions, established by *Almendarez–Torres v. United States,* 523 U.S. 224, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998), applies even when the prior conviction is not admitted during the plea colloquy nor proven to the jury beyond a reasonable doubt. *See United States v. Pacheco–Zepeda,* 234 F.3d 411, 415 (9th Cir.2000) (as amended). Relatedly, the date of an alien's prior deportation falls within the *Almendarez–Torres* exception and need not be found separately by a jury. *United States v. Salazar–Gonzalez,* 445 F.3d 1208, 1215 (9th Cir.2006). *Almendarez–Torres* has not been overruled by more recent Supreme Court cases, *see United States v. Weiland,* 420 F.3d 1062,

* This panel unanimously finds this case suitable for decision without oral argument. *See*

1079 & n. 16 (9th Cir.2005), *cert. denied,* — U.S. ——, 126 S.Ct. 1911, — L.Ed.2d —— (2006), nor has *Shepard v. United States,* 544 U.S. 13, 125 S.Ct. 1254, 161 L.Ed.2d 205 (2005), undermined the viability of relying on *Almendarez–Torres* in § 1326 proceedings, *see United States v. Rodriguez–Lara,* 421 F.3d 932, 949–50 (9th Cir.2005).

4. Murillo's challenge to the grand jury model instructions utilized in the Southern District of California is foreclosed by our opinion in *United States v. Navarro–Vargas,* 408 F.3d 1184 (9th Cir.) (en banc), *cert. denied,* — U.S. ——, 126 S.Ct. 736, 163 L.Ed.2d 578 (2005).

**AFFIRMED.**