**UNITED STATES of America,
Plaintiff—Appellee,**

v.

**Richard STEVENS, Defendant—
Appellant.**

No. 05–50319.

United States Court of Appeals,
Ninth Circuit.

Submitted July 24, 2006.*

Filed Aug. 4, 2006.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See*   Fed. R.App. P. 34(a)(2).

Jennifer T. Manion, Esq., Office of the U.S. Attorney, San Diego, CA, for Plaintiff–Appellee.

Nancy G. Kendall, Esq., San Diego, CA, for Defendant–Appellant.

Before: ALARCÓN, HAWKINS, and THOMAS, Circuit Judges.

MEMORANDUM **

Richard Stevens appeals from his 240–month sentence imposed following his jury-trial conviction on one count of importing cocaine in violation of 21 U.S.C. §§ 952 and 960, and one count of possession of cocaine with intent to distribute in violation of 21 U.S.C. § 841(a)(1). We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

■ Stevens contends that the district court erred in enhancing his sentence pursuant to 21 U.S.C. §§ 841(b)(1)(A) and 960(b)(1), based on a 1966 conviction. Specifically, Stevens argues that pursuant to

Custis v. United States, 511 U.S. 485, 114 S.Ct. 1732, 128 L.Ed.2d 517 (1994), he has a constitutional right to collaterally attack his prior conviction at sentencing, despite the fact that such an attack is precluded by 21 U.S.C. § 851(e)'s statute of limitations. Stevens' contention fails in light of United States v. Davis, 36 F.3d 1424, 1438 (9th Cir.1994) (concluding that the Supreme Court in Custis refused to recognize a constitutional right to collaterally attack prior convictions used for sentence enhancement, except for convictions obtained in violation of a defendant's right to counsel). Accordingly, the statute of limitations set forth in 21 U.S.C. § 851(e) bars Stevens from challenging the validity of his prior conviction for purposes of enhancing his sentence.

■ Stevens also argues that in light of United States v. Booker, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), the mandatory minimums set forth by 21 U.S.C. §§ 841(b) and 960(b) must be struck down, or in the alternative must be construed as advisory. Stevens' contentions are foreclosed by United States v. Ching Tang Lo, 447 F.3d 1212, 1234 & n. 15 (9th Cir.2006) (rejecting the argument that after Booker mandatory minimums must be struck down rather than construed as requiring drug quantity and type to be charged in the indictment, reaffirming United States v. Buckland, 289 F.3d 558 (9th Cir.2002) (en banc), and stating, "[t]here is nothing in Booker to suggest that statutorily mandated minimum sentences are merely advisory").

■ Finally, Stevens contends that application of the mandatory minimum pursuant to 21 U.S.C. § 851 is unconstitutional, in that it subjects Stevens to enhanced penalties based on the fact of a prior conviction that was neither admitted nor

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

found to exist by a jury beyond a reasonable doubt. Stevens' contention is foreclosed by *United States v. Weiland,* 420 F.3d 1062, 1079 (9th Cir.2005) (reaffirming that "a district court may enhance a sentence on the basis of prior convictions, even if the fact of those convictions was not found by a jury beyond a reasonable doubt," and holding that this Court is bound by *Almendarez–Torres v. United States,* 523 U.S. 224, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998), unless it is expressly overruled by the Supreme Court). *See also United States v. Pacheco–Zepeda,* 234 F.3d 411, 414–15 (9th Cir.2001) (rejecting the contention that *Almendarez–Torres* has been limited "strictly to the facts of that case," and concluding that "*all* prior convictions—not just those admitted on the record—[are] exempt from *Apprendi'*s general rule") (emphasis in original).

**AFFIRMED.**