**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 13-10485 |
| Plaintiff - Appellee, | D.C. No. 2:13-cr-00637-NVW-1 |
| v. | |
| JOSE RAFAEL CHAVEZ-PACHECO, AKA Rafael Pacheco Chavez, AKA J. Rafael Chavez-Pacheco, AKA Rafael Chavez-Pacheco, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Arizona
Neil V. Wake, District Judge, Presiding

Argued and Submitted November 19, 2014
Pasadena California

Before:  KLEINFELD and WARDLAW, Circuit Judges, and KENNELLY, District Judge.[**]

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The Honorable Matthew F. Kennelly, District Judge for the U.S. District Court for the Northern District of Illinois, sitting by designation.

Jose Rafael Chavez-Pacheco ("Chavez") appeals the district court's imposition of a twenty-four month sentence following his plea of guilty to unlawful reentry in violation of 8 U.S.C. § 1326. We affirm.

1. The district court correctly determined that assault with a deadly weapon under California Penal Code § 245(a)(1) is categorically a "crime of violence" under United States Sentencing Guidelines § 2L1.2(b)(1)(A)(ii). *United States v. Grajeda*, 581 F.3d 1186, 1197 (9th Cir. 2009). Contrary to Chavez's contention, the mens rea requirement for § 245(a)(1), as relevant here, was the same at the time of his 1989 conviction and the time of the 1996 conviction analyzed in *Grajeda*. At both times, California Penal Code § 245(a)(1) required proof that the defendant willfully committed an act that by its nature would probably and directly result in injury to another. *See People v. Colantuono*, 865 P.2d 704, 709 (Cal. 1994); *People v. Rocha*, 479 P.2d 372, 376-77 (Cal. 1971).

2. Chavez's contention that *Grajeda* was abrogated by *Ceron v. Holder*, 747 F.3d 773 (9th Cir. 2014) (en banc), also lacks merit. We recently held that *Ceron* did not abrogate *Grajeda* because in *Ceron* we addressed whether a conviction under § 245(a)(1) is categorically a crime of moral turpitude, as opposed to a crime of violence. *United States v. Jimenez-Arzate*, — F.3d —, 2015 WL 149802 (9th Cir. Jan. 12, 2015).

3. Chavez also contends that under *Apprendi v. New Jersey*, 530 U.S. 466 (2000), the information was deficient because it failed to include the prior conviction used to enhance his statutory maximum sentence under 8 U.S.C. § 1326(b)(1). Chavez's argument is foreclosed by *Almendarez-Torres v. United States*, 523 U.S. 224, 226-27 (1998). *Apprendi* did not overrule *Almendarez-Torres*. *See United States v. Pacheco-Zepeda*, 234 F.3d 411, 414 (9th Cir. 2000).

**AFFIRMED.**