UNITED STATES of America,
Plaintiff—Appellee,

v.

Manuel LORENZANA–QUIROZ, aka
Manuel Morato Lopez aka Manuel
Quiroz Lorenzana, Defendant—Appellant.

No. 01–10303.
D.C. No. CR–00–01208–RCC.

United States Court of Appeals,
Ninth Circuit.

Submitted Oct. 22, 2001.*

Decided Dec. 19, 2001.

Before CHOY, SKOPIL, and FERGUSON, Circuit Judges.

MEMORANDUM **

Manuel Lorenzana–Quiroz appeals the sentence imposed by the district court following his guilty plea to illegal reentry

---

* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

after deportation in violation of 8 U.S.C. § 1326(a). We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

■ Lorenzana–Quiroz first challenges his sentence under *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000). He argues that 8 U.S.C. § 1326(b)(2)'s sentencing provision for those convicted of an "aggravated felony" is an element of the offense of illegal reentry that must be charged in the indictment per *Apprendi*. He claims that the indictment in the present case did not allege with sufficient specificity his past commission of an aggravated felony, and that the district court committed reversible error by enhancing his sentence sixteen levels under U.S.S.G. §§ 2L1.2(b)(1)(A). This circuit rejected the same argument in *United States v. Pacheco–Zepeda*, 234 F.3d 411, 414 (9th Cir.2000); *cert. denied*, —— U.S. ——, 121 S.Ct. 1503, 149 L.Ed.2d 388 (2001). We, therefore, conclude that the district court did not err by assessing the sixteen level increase.

Lorenzana–Quiroz also argues, for the first time on appeal, that the district court improperly counted two misdemeanor convictions as part of his criminal history. He contends that he was not represented by counsel when the two convictions were entered and he was not informed that the convictions could be used for sentence enhancement purposes at subsequent trials. Because Lorenzana–Quiroz did not challenge the use of the misdemeanor convictions to enhance his sentence in front of the district court, we review his claim for plain error. *United States v. Marin–Cuevas*, 147 F.3d 889, 892–93 (9th Cir.1998); *United States v. Tisor*, 96 F.3d 370, 376 (9th Cir.1996).

■ We conclude that the district court's decision to add two points for the misdemeanor convictions was not plain error. In *Nichols v. United States*, the Su-preme Court held that an uncounseled misdemeanor conviction that is valid because no prison term was imposed is also valid when used to enhance punishment at a subsequent conviction. 511 U.S. 738, 749, 114 S.Ct. 1921, 128 L.Ed.2d 745 (1994). The *Nichols* court also made clear that due process does not require that a defendant be warned that his misdemeanor conviction might be used for enhancement purposes if he is later convicted of another crime. *Id.* at 748, 114 S.Ct. 1921. *Nichols* controverts both of Lorenzana–Quiroz's arguments against counting the two misdemeanor convictions.

■ Finally, Lorenzana–Quiroz argues that the district court should have granted his request for a downward departure based on cultural assimilation. We lack jurisdiction to review a district court's decision not to grant a discretionary downward departure absent evidence that the district court believed it lacked the authority to do so. *United States v. Tam*, 240 F.3d 797, 805 (9th Cir.2001). The district court did not indicate that it believed it lacked the authority to make a departure for cultural assimilation. Therefore, we lack jurisdiction to review the district court's discretionary refusal to depart downward.

AFFIRMED.