**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Miguel Angel RIVERA–GARCIA, aka, Miguel Angel Rivera–Rivera, Defendant–Appellant.**

No. 00–10502.

D.C. No. CR–00–00092–MJJ.

United States Court of Appeals, Ninth Circuit.

Submitted Feb. 11, 2002 *.

Decided Feb. 20, 2002.

Before B. FLETCHER, T.G. NELSON and TALLMAN, Circuit Judges.

### MEMORANDUM **

Miguel Angel Rivera–Garcia appeals his 63–month sentence following his guilty plea conviction for being an alien found in the United States following deportation, in violation of 8 U.S.C. § 1326. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

Relying on *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), Rivera–Garcia challenges his conviction on three grounds. First, Rivera contends that 8 U.S.C. § 1326 is unconstitutional because it permits the district court to determine "sentencing factors." Second, he contends that the district court improperly imposed a sentence in excess of the two-year maximum set forth in 8 U.S.C. § 1326(a) because the government neither pleaded in the indictment nor established through the guilty plea that Rivera–Garcia had sustained a prior aggravated felony conviction. Third, Garcia–Rivera contends that following *Apprendi* his case is distinguished from the specific facts and holding in *Almendarez–Torres v. United States,* 523 U.S. 224, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998) (holding that 8 U.S.C. § 1326(b)(2) is a sentencing factor and not a separate offense). These arguments are foreclosed by our decision in *United States v. Pacheco–Zepeda,* 234 F.3d 411 (9th Cir.), *cert. denied,* 532 U.S. 966, 121 S.Ct. 1503, 149 L.Ed.2d 388 (2001).

Rivera–Garcia further contends that the district court erred by relying solely on his pre-sentence report to determine that his prior felony was sufficient to enhance his sentence pursuant to § 1326(b)(2). This contention also lacks merit because a pre-sentence report which contains the specific statute underlying the aggravated felony on which the 16 point enhancement is based is sufficient to satisfy a preponderance of the evidence. *United States v. Romero–Rendon,* 220 F.3d 1159, 1161–62

---

\* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

\*\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

(9th Cir.), *cert. denied,* 531 U.S. 1043, 121 S.Ct. 640, 148 L.Ed.2d 546 (2000).

AFFIRMED.