**UNITED STATES of America,**
**Plaintiff—Appellee,**

v.

**Javier ARROYO–BERNAL,**
**Defendant—Appellant.**

No. 01–50243.
D.C. No. CR–00–00861–GAF.

United States Court of Appeals,
Ninth Circuit.

Submitted March 11, 2002.*

Decided March 21, 2002.

Before CANBY, BEEZER, and PAEZ, Circuit Judges.

MEMORANDUM**

Javier Arroyo–Bernal appeals his 77–month sentence imposed following conviction by guilty plea for illegal reentry after

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

deportation, in violation of 8 U.S.C. § 1326. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

Arroyo–Bernal contends that the district court erred by not advising him that an element of the crime is that he was "found in" the United States. Until the Supreme Court's recent decision in *United States v. Vonn*, we reviewed de novo whether a district court's plea colloquy with the defendant satisfied Rule 11. Under *Vonn*, a defendant who fails to object to a Rule 11 error in trial court must show plain error. *See United States v. Vonn*, —— U.S. —— 122 S.Ct. 1043, 1046, —— L.Ed.2d —— (2002). However, we find under either standard that there was no Rule 11(c)(1) violation.

Section 1326 criminalizes three distinct acts committed by aliens who have been deported: entering, attempting to enter, and being found in the United States. *United States v. Pacheco–Medina*, 212 F.3d 1162, 1165 (9th Cir.2000). Arroyo–Bernal was charged with being found in the United States. Being "found" is an element of the crime. *United States v. Salazar–Robles*, 207 F.3d 648, 650 (9th Cir.2000). Although the government did not initially include the "found in" element when asked by the court to recite the elements to be proven at trial, the prosecutor corrected himself before the plea was taken to include that element, and the plea colloquy further established that Arroyo–Bernal was arrested in the United States. Accordingly, we conclude that Rule 11(c)(1) was not violated. *See United States v. Rivera–Ramirez*, 715 F.2d 453, 457 (9th Cir.1983).

Arroyo–Bernal also contends that the district court erred in imposing a sentence in excess of the two-year maximum set

* This panel unanimously finds this case suitable for decision without oral argument. See

forth in 8 U.S.C. § 1326(a) based upon a prior felony which was not proved to a jury beyond a reasonable doubt. As Arroyo–Bernal acknowledges, this issue is foreclosed by *United States v. Pacheco–Zepeda*, 234 F.3d 411, 414–15 (9th Cir.), *cert denied*, 532 U.S. 966, 121 S.Ct. 1503, 149 L.Ed.2d 388 (2001).

**AFFIRMED.**