**UNITED STATES of America,
Plaintiff—Appellee,**

v.

**Ivan Carrillo SALAZAR, Defendant—
Appellant.**

No. 01–50060.

D.C. No. CR–99–00881–NM.

United States Court of Appeals,
Ninth Circuit.

Submitted March 14, 2002.*

Decided April 3, 2002.

---

* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

Before KOZINSKI, GOULD, Circuit Judges, and CEBULL,** District Judge.

## MEMORANDUM ***

Ivan Carrillo–Salazar pleaded guilty to illegally reentering the United States after previously being deported, in violation of 8 U.S.C. § 1326. Carrillo–Salazar now claims that his guilty plea should be vacated because it was not made in accordance with Fed.R.Crim.P. 11. He also claims a violation under *Apprendi v. United States*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), because the district court enhanced his sentence due to prior felony convictions.

Carrillo–Salazar claims that during the plea colloquy the court violated Rule 11 because he was not apprised of all of the elements of the charge against him. When the prosecutor, at the district court's request, listed the elements of the offense, she did not state that the government would need to prove that Carrillo–Salazar was found in the United States, which is an element of a § 1326 violation. *See United States v. Hernandez*, 189 F.3d 785, 790 (9th Cir.1999).

At three other times during the colloquy, however, the "found in" element was described. The district judge stated it when asking if Carrillo–Salazar understood the charge against him: "[Y]ou wish to enter a plea of guilty to the First Superseding Indictment in this case charging you with being an illegal alien *found in the United States* following deportation ..." (emphasis added). The prosecution also discussed the element when describing, at the court's request, the factual basis for

---

** The Honorable Richard F. Cebull, United States District Judge for the District of Montana, sitting by designation.

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

the plea: "On or about March 6, 1998, the defendant was deported from the United States, and on or about August 17, 1999, *he was found in the United States*" (emphasis added). And after confirming that Carrillo–Salazar understood the consequences of a guilty plea, the court asked him, "All right, I will ask you how do you now plead to Count One, the single count, of the First Superseding Indictment charging you [with] being an illegal alien *found in the United States* ... ?" (emphasis added).

Rule 11(c)(1) requires the district court to inform the defendant of and determine that the defendant understands "the nature of the charge to which the plea is offered." Based on the record of the plea proceeding, we have no doubt that Carrillo–Salazar fully understood the nature of the charge to which he pled. The district court fulfilled its duties under Rule 11 without error.

■ Carrillo–Salazar also claims an *Apprendi* violation because of the increase in sentence for his prior convictions. Carrillo–Salazar's argument is foreclosed by *United States v. Pacheco–Zepeda*, 234 F.3d 411, 414–15 (9th Cir.2000), which held that *Apprendi* does not alter the ability of a district court to treat a § 1326 defendant's prior felony convictions as a sentencing factor to be determined by a preponderance of the evidence.

AFFIRMED.