UNITED STATES of America, Plaintiff—Appellee,

v.

Juan MORAN–ROMERO, Defendant— Appellant.

No. 01–10515.

D.C. No. CR–00–00155–HDM.

United States Court of Appeals, Ninth Circuit.

Submitted May 13, 2002 *.

Decided May 24, 2002.

Before FERNANDEZ, THOMAS, and WARDLAW, Circuit Judges.

MEMORANDUM **

Juan Moran–Romero appeals his 92–month sentence imposed following his jury conviction for illegal reentry of a previously deported alien, in violation of 8 U.S.C. § 1326(a). We have jurisdiction pursuant to 18 U.S.C. § 3742 and 28 U.S.C. § 1291 and we affirm.

Moran–Romero contends the district court violated *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000) by enhancing his sentence based on a prior felony conviction which was not alleged in the indictment and proved beyond a reasonable doubt, or admitted on the record. This contention is foreclosed by *United States v. Arellano–Rivera*, 244

---

1. We deny Wong's motion for an order granting re-briefing or supplemental briefing.

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.

F.3d 1119, 1127 (9th Cir.2001) (on de novo review, holding that *Apprendi* did not overrule *Almendarez–Torres v. United States,* 523 U.S. 224, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998), *cert. denied,* —— U.S. ——, 122 S.Ct. 1450, —— L.Ed.2d —— (2002)) and *United States v. Pacheco–Zepeda,* 234 F.3d 411, 414–15 (9th Cir. 2000) (same, reviewing for plain error), *cert. denied,* 532 U.S. 966, 121 S.Ct. 1503, 149 L.Ed.2d 388 (2001)).

Moran–Romero further contends that, in imposing an obstruction of justice enhancement, the district court improperly applied a preponderance of the evidence standard of proof rather than a clear and convincing evidence standard. We find this contention unavailing because the facts of this case do not present an "exceptional case" requiring application of the higher standard of proof. *See United States v. Jordan,* 256 F.3d 922, 928 (9th Cir.2001).

Moran–Romero next argues that the evidence did not support the obstruction of justice enhancement even under the preponderance of the evidence standard. This enhancement is properly applied when the district court determines that a defendant committed perjury. *United States v. Dunnigan,* 507 U.S. 87, 89, 113 S.Ct. 1111, 122 L.Ed.2d 445 (1993). Here, we conclude the district court's finding that Moran–Romero's testimony met all three elements of perjury was not clearly erroneous. *See Jordan,* 256 F.3d at 926 (reviewing the district court's factual findings for clear error); *United States v. Shannon,* 137 F.3d 1112, 1119 (9th Cir. 1998) (finding perjury where defendant's testimony was false, material and willful).

Finally, Moran–Romero contends the district court erred by denying him an adjustment for acceptance of responsibility

---

* This panel unanimously finds this case suitable for decision without oral argument. See

in violation of his Sixth Amendment rights. This contention lacks merit because the district court grounded its denial on Moran–Romero's perjury rather than the fact that he exercised his right to trial. It was not clearly erroneous for the court to deny Moran–Romero a reduction for acceptance of responsibility. *United States v. Fisher,* 137 F.3d 1158, 1167 (9th Cir.1998).

AFFIRMED.