**UNITED STATES of America,**
**Plaintiff—Appellee,**

v.

**Rosalio AYON–ASTORGA, aka Pedro**
**Lopez–Perez, Defendant—**
**Appellant.**

**No. 01–50441.**
**D.C. No. CR–01–00185–R–1.**

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted May 8, 2002.

Decided Sept. 24, 2002.

Before LAY,* CANBY and PAEZ,
Circuit Judges.

MEMORANDUM **

Appellant Rosalio Ayon–Astorga pleaded guilty to being an alien found unlawful-

---

* The Honorable Donald P. Lay, Senior United States Circuit Judge for the Eighth Circuit, sitting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

ly in the country following deportation, 8 U.S.C. § 1326. He preserved two issues for appeal.

## I

■ Ayon–Astorga challenges the legality of the deportation upon which his conviction was based, as permitted by *United States v. Mendoza–Lopez,* 481 U.S. 828, 107 S.Ct. 2148, 95 L.Ed.2d 772 (1987). The illegality he asserts is the failure of the Immigration Judge to advise him that he could apply for hardship relief from deportation pursuant to § 212(h) of the Immigration and Nationality Act, 8 U.S.C. § 1182(h).

Ayon–Astorga, however, was previously admitted as a permanent resident and thereafter was convicted of an aggravated felony. He is accordingly statutorily ineligible for § 212(h) relief by reason of an amendment to § 212(h) enacted prior to his conviction. *See* 8 U.S.C. § 1182(h)(2). Ayon–Astorga argues that, despite the statutory disqualification, the Immigration Judge should have advised him that a constitutional challenge to the amendment was possible, because a district court had held that § 1182(h)(2) violated equal protection by treating permanent residents more harshly than unlawful aliens. *See Song v. INS,* 82 F.Supp.2d 1121 (C.D.Cal. 2000).[1]

Ayon–Astorga's argument is foreclosed by our decision in *United States v. Garza–Sanchez,* 217 F.3d 806 (9th Cir.2000). There we held that an Immigration Judge has no duty to advise a respondent of a potential constitutional challenge to the statute that renders him ineligible for relief. *Id.* at 809–10. The Immigration Judge satisfies his obligation by advising the respondent of the relief for which he is statutorily eligible. *See* 8 C.F.R. § 240.49.

Ayon–Astorga was not statutorily eligible for § 212(h) relief. There accordingly was no fatal flaw in Ayon–Astorga's deportation proceeding, and his waiver of appeal there was intelligent and effective. His collateral challenge to his deportation thus fails to meet the exhaustion and fundamental unfairness requirements of 8 U.S.C. § 1326(d), and we therefore reject it.

## II

■ Ayon–Astorga next contends that his indictment was defective for failing to allege his prior aggravated felony that resulted in a sentence in excess of the maximum that he could have received without the conviction. *See Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000). This argument, too, is foreclosed. As we recently pointed out in *United States v. Pacheco–Zepeda,* 234 F.3d 411, 414 (9th Cir.2000), *Apprendi* does not apply to prior convictions. *Apprendi* did not overrule *Almendarez–Torres v. United States,* 523 U.S. 224, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998), which allows convictions to be treated as sentencing factors which need not be pleaded and proved to the jury beyond a reasonable doubt. We accordingly reject Ayon–Astorga's second argument.

## III

The judgment of the district court is

AFFIRMED.

---

**1.** As a district court decision, *Song* does not    establish the law of this circuit.