UNITED STATES of America, Plaintiff—Appellee,

v.

Odilon MOLINERO–JIMENEZ, Defendant—Appellant.

No. 02–10079.

D.C. No. CR–01–00045–KJD.

United States Court of Appeals, Ninth Circuit.

Submitted Jan. 13, 2003.*

Decided Jan. 16, 2003.

Before BEEZER, KLEINFELD, and PAEZ, Circuit Judges.

## MEMORANDUM **

Odilon Molinero–Jiminez appeals from his guilty plea conviction for unlawful reentry after deportation in violation of 8

---

* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

U.S.C. § 1326(a). Molinero–Jimenez concedes that Ninth Circuit precedent forecloses his argument: that imposition of a sentence longer than 8 U.S.C. § 1326(a)'s two-year statutory maximum based on a prior conviction neither alleged in the indictment nor admitted during the plea canvass violates due process under *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000). *See United States v. Pacheco–Zepeda*, 234 F.3d 411 (9th Cir.2000) (rejecting this argument). Molinero–Jiminez states that he presents the issue merely to preserve it should ensuring Supreme Court precedent alter the legal landscape. The judgment is therefore

**AFFIRMED.**

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.