UNITED STATES of America,
Plaintiff—Appellee,

v.

Francisco Javier GUTIERREZ,
Defendant—Appellant.

No. 02–50177.
D.C. No. CR–01–02152–RMB.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Feb. 6, 2003.

Decided March 3, 2003.

Before MESKILL,\* THOMPSON and BERZON, Circuit Judges.

### MEMORANDUM \*\*

Francisco Javier Gutierrez ("Gutierrez") appeals his conviction under 8 U.S.C. § 1326 for unlawfully attempting to reenter the United States after being deported. We affirm. Because the parties are familiar with the facts of this case, we do not repeat them here except as necessary to explain our decision.

### I. *Prosecutorial Misconduct Claims*

Gutierrez alleges three different instances of prosecutorial misconduct that he claims tainted his trial. We review *de novo* the question whether prosecutorial misconduct occurred. *See United States v. Velarde–Gomez*, 269 F.3d 1023, 1028 (9th Cir.2001) (*en banc*). Where prosecutorial misconduct violates federal constitutional rights, we must reverse unless the misconduct was harmless beyond a reasonable doubt. *See Chapman v. California*, 386 U.S. 18, 24, 87 S.Ct. 824, 17 L.Ed.2d 705 (1967). Otherwise, we reverse only if it is "more probable than not that the prosecutor's misconduct materially affected the verdict." *United States v. Sanchez*, 176 F.3d 1214, 1225 (9th Cir.1999).

### A. Comments on Gutierrez's Silence

Gutierrez argues that the prosecutor in this case impermissibly used his post-arrest silence to impeach him during cross-examination. "[T]he Due Process Clause bars 'the use for impeachment purposes' of a defendant's postarrest silence." *Greer v. Miller*, 483 U.S. 756, 763, 107 S.Ct. 3102, 97 L.Ed.2d 618 (1987) (emphasis in original; internal quotation marks omitted); *see also Doyle v. Ohio*, 426 U.S. 610, 618–19, 96 S.Ct. 2240, 49 L.Ed.2d 91 (1976). A prosecutor does not "use" a defendant's post-arrest silence if the trial court sustains timely objections to improper questions and thereby short-circuits the inquiry into the silence. *Greer*, 483 U.S. at 764, 107 S.Ct. 3102.

The trial court sustained timely objections to the prosecutor's two questions that arguably (although extremely obliquely) commented upon Gutierrez's postarrest silence. There was, therefore, no "use" of Gutierrez's post-arrest silence.

Still, even if the trial court stopped the prosecutor from improperly using Gutierrez's silence against him, it was inappropriate for the prosecutor to start down that road in the first place. *Greer*, 483 U.S. at 765, 107 S.Ct. 3102. We consider improper questions in the context of the whole trial, *see id.* at 766, 107 S.Ct. 3102, and reverse "only when it is more probable than not that the misconduct materially affected the verdict." *United States v. Parks*, 285 F.3d 1133, 1141 (9th Cir.), *cert denied*, —— U.S. ——, 123 S.Ct. 643, 154 L.Ed.2d 545 (2002).

■ The prosecutor's questions do not warrant reversal. As noted above, the trial court sustained the defendant's objections to both questions. Moreover, the jury never learned that Gutierrez was silent after his arrest, but only that he had told Inspector Frilles a different story

---

\* The Honorable Thomas J. Meskill, Senior United States Circuit Judge for the Second Circuit, sitting by designation.

\*\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

from the one he told in court. Accordingly, if the jury drew any inference from the two improper questions, it was most probably that Gutierrez had earlier told an inconsistent story, not that he had invoked his right to silence after his arrest.

Further, Gutierrez testified that he happened to find an identification card from a Los Angeles neighbor just as the inspectors approached. The jury most likely disbelieved the story because it was inherently implausible, not because Gutierrez told the story for the first time at trial.

On these facts, we find that it is more probable than not that the prosecutor's improper questions did not materially affect the verdict.

### B. Question About Frilles' Veracity

Gutierrez moved for a mistrial on the ground that during his cross-examination, the prosecutor improperly asked him to comment on Agent Frilles' veracity. Denial of a motion for mistrial based on an allegation of prosecutorial misconduct is reviewed for abuse of discretion. *See United States v. Scholl,* 166 F.3d 964, 974 (9th Cir.1999).

A prosecutor may not force a defendant to comment on another witness's veracity. *See Sanchez,* 176 F.3d at 1219–20. Determinations of *credibility* are for the jury. *See id.* at 1220.

■ Here, Gutierrez answered the prosecutor's single question concerning whether Frilles' testimony was "something other than the truth" with the response that he didn't remember. The court gave the jury a curative instruction the next morning. The single question, equivocally answered and followed by a curative instruction, did not present any realistic likelihood that the jury would be confused as to its role in judging credibility. *Compare United States v. Geston,* 299 F.3d 1130, 1136 (9th Cir.2002) (reversible error where defense witnesses repeatedly commented on the veracity of the government witnesses). Accordingly, it was not an abuse of discretion for the trial court to deny Gutierrez's motion for a mistrial.

### C. Burden Shifting

Gutierrez maintains that the prosecutor made two statements during summation that had the effect of misleading the jury regarding the government's burden to prove its case beyond a reasonable doubt.

A prosecutor may not suggest during summation that the defendant bears the burden of exculpation or of disproving any of the elements of the crime charged. *See Houston v. Roe,* 177 F.3d 901, 909 (9th Cir.1999). "[W]e look at alleged prosecutorial misrepresentations to determine whether the prosecutor's comments so infected the trial with unfairness as to make the resulting conviction a denial of due process." *Id.* (internal quotation marks and citation omitted). The touchstone of this inquiry is whether, in light of the prosecutor's comments, there is a reasonable likelihood that the jury viewed the burden as having shifted to the defendant. *See id.*

■ Here, the two statements about which Gutierrez complains were most likely understood, in context, as stating only that the government's case was sufficient to meet its burden and had not been rebutted. Further, the attorneys' arguments and the trial court's instructions made abundantly clear to the jury where the burden of proof lay. Both the prosecutor and Gutierrez's attorney told the jury several times that the government bears the burden of proof as to each element of the charge. The trial judge instructed the jury before the trial began, and again when the case was submitted to them, that the government bears the burden of proof,

that the jury was to presume Gutierrez innocent "unless and until proved guilty beyond a reasonable doubt," that the arguments of counsel were not evidence, and that the court alone would provide the jury with the statement of the law the jury was to apply. The trial judge also gave a specific curative instruction after the first of the statements Gutierrez now challenges.

Considered in the context of the entire trial, it is not reasonably likely that the jury interpreted the challenged statements as shifting the burden of proof to Gutierrez.

## II. *Admission of A–File Documents*

Guiterrez argues that the district court misconstrued the hearsay rule and violated his Confrontation Clause rights when it admitted into evidence the contents of his INS "A-file" to prove that he is an alien. *United States v. Hernandez–Herrera*, 273 F.3d 1213, 1217 (9th Cir.2001), forecloses Gutierrez's arguments.

## III. *Apprendi*

Gutierrez also argues that the district court violated the constitutional rule announced in *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), when it enhanced his sentence to account for a prior conviction. Enhancements for prior convictions are not subject to *Apprendi* requirements regardless of whether the prior conviction was obtained by a guilty plea or a jury verdict. *See United States v. Pacheco–Zepeda*, 234 F.3d 411, 414–15 (9th Cir.), *cert. denied* 532 U.S. 966, 121 S.Ct. 1503, 149 L.Ed.2d 388 (2001).

## IV. *Cumulative Effect*

Finally, Gutierrez claims that the cumulative effect of the errors in his case warrants reversal. "In some cases, although no single trial error examined in isolation is sufficiently prejudicial to warrant reversal, the cumulative effect of multiple errors may still prejudice a defendant." *United States v. Frederick*, 78 F.3d 1370, 1381 (9th Cir.1996). The cumulative effect of errors is most likely to warrant reversal if the government's case against the defendant is weak. *Id.* Here, the opposite is true: the case against the defendant was strong. Furthermore, each alleged error was minor. The cumulative effect of the errors thus does not warrant reversal.

## CONCLUSION

For the foregoing reasons, the judgment and sentence of the trial court should be AFFIRMED.