**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Jeronimo VALENCIA–GARCIA,**
**Defendant–Appellant.**

**No. 03–30426.**

United States Court of Appeals,
Ninth Circuit.

Submitted June 15, 2004.*

Decided June 28, 2004.

Gregory M. Shogren, Esq., Office of the U.S. Attorney, Yakima, WA, for Plaintiff–Appellee.

Francesca D'Angelo, Esq., Seattle, WA, for Defendant–Appellant.

Before: LEAVY, THOMAS, and FISHER, Circuit Judges.

MEMORANDUM **

Jeronimo Valencia–Garcia appeals the sentence imposed by the district court following his plea of guilty to being an alien in the United States after deportation in violation of 8 U.S.C. § 1326. We have jurisdiction under 28 U.S.C. § 1291 and we dismiss in part for lack of jurisdiction and affirm in part.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

## I

"This court lacks jurisdiction to review a district court's discretionary refusal to depart downward when sentencing a defendant under the Sentencing Guidelines." *United States v. Berger,* 103 F.3d 67, 69 (9th Cir.1996). However, where "the district court erroneously believed that it lacked the power to depart" we may review its decision not to downward depart. *Id.* A decision "to deny downward departure will be considered discretionary unless the district court indicates that its refusal to depart rests on its view that it could not as a matter of law do so." *United States v. Pinto,* 48 F.3d 384, 389 (9th Cir.1995).

■ Valencia–Garcia argues that the district court made an improper statement of law when it said that "the court determines that there is no language that articulates a departure based on a conviction that is over 5 years old. The motion for downward departure is denied on that basis." Valencia–Garcia does acknowledge that, in its oral ruling, the district court did recognize its authority to depart. We have held that a "district court's reference to its consideration of the Sentencing Guidelines in its decision supports the conclusion that the court simply found no basis for departing under the guidelines, not that the court believed it did not have the authority to do so." *United States v. Rivera–Sanchez,* 222 F.3d 1057, 1065 (9th Cir.2000). Here the district court's reference to the sentencing guidelines taken together with the statement during the oral decision that the court had the discretion to depart but chose not exercise that discretion demonstrates that the decision not to depart was a discretionary decision. We lack jurisdiction to review the district court's discretionary determination not to downward depart.

## II

■ It is generally inappropriate to bring a claim for ineffective assistance of counsel on direct review. *United States v. McKenna,* 327 F.3d 830, 845 (9th Cir. 2003). "Such claims normally should be raised in habeas corpus proceedings, which permit counsel to develop a record as to what counsel did, why it was done, and what, if any, prejudice resulted." *Id.* (internal quotation marks and citation omitted). An ineffective assistance claim may be heard on direct review if it meets one of the two exceptions to the general rule: "(1) when the record on appeal is sufficiently developed to permit review and determination of the issue, or (2) when the legal representation is so inadequate that it obviously denies a defendant his Sixth Amendment right to counsel." *Id.* (internal quotation marks and citation omitted). We hold that Valencia–Garcia fails to meet either exception to the general rule that claims of ineffective assistance of counsel should generally be raised during habeas proceedings. We decline to review Valencia–Garcia's claim of ineffective assistance of counsel.

## III

Valencia–Garcia's arguments regarding the length of the sentence imposed by the district court are foreclosed by *United States v. Pacheco–Zepeda,* 234 F.3d 411, 412 (9th Cir.2000) (citing *Almendarez–Torres v. United States,* 523 U.S. 224, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998)).

**DISMISSED IN PART AND AFFIRMED IN PART.**