**520**

**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**David JUAREGUI–VILLAREAL,
Defendant–Appellant.**

No. 03–10692.

United States Court of Appeals,
Ninth Circuit.

Submitted Oct. 14, 2004.*

Decided Oct. 25, 2004.

R. Don Gifford, II, United States Attorney's Office, Assistant United States Attorney, Reno, NV, for Plaintiff–Appellee.

Michael K. Powell, Esq., FPDNV—Federal Public Defender's Office, Reno, NV, for Defendant–Appellant.

Before: KLEINFELD, TASHIMA and GOULD, Circuit Judges.

MEMORANDUM **

David Juaregui–Villareal appeals the sentence imposed following his guilty plea to unlawful reentry by a deported, removed and/or excluded alien in violation of 8 U.S.C. § 1326(a). Juaregui–Villareal asserts that the elements of 8 U.S.C. § 1326(b)(2) must be pled in the indictment and proved to a jury beyond a reasonable doubt. We disagree and affirm.

The indictment here did not specifically charge that Juaregui–Villareal committed an offense under § 1326(b)(2); it charged him under § 1326(a). As the Supreme Court has clearly held, that was proper because § 1326(b)(2) "is a penalty provision, which simply authorizes a court to increase the sentence for a recidivist. It does not define a separate crime. Consequently, neither the statute not the Constitution requires the Government to charge the factor that it mentions, an earlier conviction, in the indictment." *Almendarez–Torres v. United States,* 523 U.S. 224, 226–27, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998).

Juaregui–Villareal argues that *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), changes that. It does not. *See United States v. Arellano–Rivera,* 244 F.3d 1119, 1127 (9th Cir. 2001); *United States v. Pacheco–Zepeda,* 234 F.3d 411, 414 (9th Cir.2000). Nor does *Ring v. Arizona,* 536 U.S. 584, 609, 122 S.Ct. 2428, 153 L.Ed.2d 556 (2002), for it, too, excepts prior convictions from its strictures. *Id.* at 597 n. 4, 122 S.Ct. 2428. Nor does *Blakely v. Washington,* —— U.S. ——, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004). *See United States v. Quintana–Quintana,* No. 03–50254, slip op. 13291, 13292 (9th Cir. Sept. 13, 2004). Finally, as we said in *Pacheco–Zepeda,* 234 F.3d at 414, we cannot "ignore controlling Supreme Court authority. Unless and until *Almendarez–Torres* is overruled by the Supreme Court, we must follow it."

AFFIRMED.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.