**UNITED STATES of America,
Plaintiff—Appellee,**

v.

**Flaviano Betancourt CRUZ,
Defendant—Appellant.**

No. 05–10189.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Feb. 16, 2006.

Decided March 17, 2006.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Christine S. Watson, U.S. Attorney's Office, San Francisco, CA, for Plaintiff—Appellee.

Daniel P. Blank, Esq., FPDCA—Federal Public Defender's Office, San Francisco, CA, for Defendant—Appellant.

Before: REINHARDT, PAEZ, and TALLMAN, Circuit Judges.

## MEMORANDUM *

Appellant Flaviano Betancourt Cruz ("Cruz") appeals his conviction of being found in the United States without permission after being previously deported, in violation of 8 U.S.C. § 1326, and his subsequent sentence. We have jurisdiction pursuant to 28 U.S.C. § 1291 and we affirm.

█ Cruz raises three issues on appeal. First, Cruz argues that the district court erred in striking for cause, on its own motion, five veniremembers who expressed either difficulty in applying the law, or sympathy for people in Cruz's position. The district court struck the veniremembers based on their statements during the voir dire. Therefore, the district court determined that they had actual bias, which is reviewed for abuse of discretion. *See United States v. Gonzalez,* 214 F.3d 1109, 1112 (9th Cir.2000). We need not determine whether the district court abused its discretion in improperly removing the five veniremembers because even if it did so, we cannot say that the dismissals "presumptively resulted in a prejudiced jury panel." *United States v. Padilla–Mendoza,* 157 F.3d 730, 734 (9th Cir.1998). Cruz "presented no evidence that any of the jurors that found him guilty were unable or unwilling to properly perform their duties." *Id.* Accordingly, Cruz's first argument fails because he was not denied the right to an impartial jury.

█ Second, Cruz argues that the district court violated Rule 201 of the Federal Rules of Evidence, and therefore abused its discretion, by rejecting Cruz's request for judicial notice of the fact that court interpreters must take an oath or give an affirmation declaring that they will translate accurately ("oath requirement"). Cruz sought judicial notice of a legislative fact. Rule 201, however, only governs judicial notice of adjudicative facts. Because Rule 201 did not govern this judicial notice request, it follows that the district court did not violate it. Moreover, even if the oath requirement was an adjudicative fact, and therefore Rule 201 applied, any error was harmless. Cruz could have developed his entrapment by estoppel defense by calling witnesses who could have testified to the relevant facts.

█ Finally, Cruz argues that the district court violated *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), by sentencing him to eighty-two months in prison based upon the fact of a prior aggravated felony and a prior deportation. This argument is without merit. Contrary to Cruz's argument, the Government did not have to charge Cruz's earlier conviction in the indictment. *Almendarez–Torres v. United States,* 523 U.S. 224, 226–27, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998). As Cruz acknowledges, *Almendarez–Torres* remains good law and controls here. *See United States v. Pacheco–Zepeda,* 234 F.3d 411, 414 (9th Cir.2000). In the indictment, the Government alleged the fact of Cruz's prior deportation as an element of the § 1326 violation. The jury's guilty verdict established beyond a reasonable

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Cir. R. 36–3.

doubt the fact of Cruz's prior deportation. Moreover, Cruz signed a sworn statement admitting all of the elements of a § 1326 violation, and he acknowledged at trial that he had been previously deported or removed.

**AFFIRMED.**

REINHARDT, Circuit Judge, dissenting.

I disagree with the majority's conclusion that the district court did not abuse its discretion in dismissing five jurors for cause on its own motion. Although I agree that Cruz "presented no evidence that any of the jurors that found him guilty were unable or unwilling to properly perform their duties," *United States v. Padilla–Mendoza*, 157 F.3d 730, 734 (9th Cir. 1998), I do not find that such a showing is required under the circumstances. Accordingly, I would reverse the district court's judgment of conviction.

The district court abused its discretion in dismissing at least two jurors without inquiring as to whether their expressed sympathy would impede their ability to serve impartially. One of the jurors stated specifically that although "it would be tough for [her] if [Cruz] came back to the country to see his kids," she "would try to put aside [her] sympathies." The other juror stated that she could empathize with Cruz, because her family had been in a similar situation, but never stated that she would not be able to serve as an impartial juror. In both instances, the district court did not further question the jurors "as to their ability to faithfully and impartially apply the law," nor did it ask any questions "to determine the nature and extent of their commitment to any principles that might have impaired their ability to serve impartially." *Padilla–Mendoza*, 157 F.3d at 733 (quoting *United States v. Salamone*, 800 F.2d 1216, 1226 (3d Cir.1986)) (internal quotation marks omitted). Further, the district court excluded another juror who expressed sympathy for the defendant, given his family situation, after inquiring only whether such sympathy "might play a role," to which the juror responded that it could, but that she "would try to be fair."

In *Padilla–Mendoza*, we held that where the district court's abuse of discretion "results in the wholesale exclusion of a particular group, [it is not] necessary for the defendant to affirmatively demonstrate the existence of actual prejudice in the resulting jury panel." *Id.* at 734 (quoting *Salamone*, 800 F.2d at 1227). In this case, the district court dismissed several jurors based solely on the fact that they were part of a group that "might be influenced by sympathy" for the defendant, without inquiring further as to the jurors' ability to be impartial regardless of such sympathy. It can hardly be said that feeling sympathy for a defendant who finds himself in a difficult position is grounds to be excluded for cause; instead, the dispositive inquiry is whether, regardless of such sympathy, the juror will be able to serve impartially. Here, the jurors were excluded before the latter question could be determined. Therefore, I cannot agree that the district court's exclusion of such jurors did not constitute reversible error and accordingly, I respectfully dissent.