860

**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Efrain VELAZQUEZ–RUBIO,
Defendant–Appellant.**

No. 05–50289.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted March 10, 2006.

Filed April 20, 2006.

Christopher R. McFadden, Esq., Office of the U.S. Attorney, San Diego, CA, for Plaintiff–Appellee.

Alice L. Fontier, Esq., Federal Defenders of San Diego, Inc., San Diego, CA, for Defendant–Appellant.

Before: WARDLAW and RAWLINSON, Circuit Judges, and CEBULL,* District Judge.

### MEMORANDUM **

Efrain Velazquez–Rubio appeals his conviction by jury trial for being a deported alien found within the United States in violation of 8 U.S.C. § 1326. Velazquez–Rubio also appeals the district court's finding that he had been previously deported following a felony conviction and its application of the sentencing enhancement codified at 8 U.S.C. § 1326(b)(1). We have jurisdiction pursuant to 28 U.S.C. § 1291.

Velazquez–Rubio claims the May 3, 2004 and September 3, 2004 statement reports were admitted in violation of the hearsay rule and that the May 3, 2004 statement report was admitted in violation of the Confrontation Clause. Regardless of whether the statements were admitted in error, reversal is appropriate only if the error is not harmless—that is, if it is "more probable than not that the erroneous admission of the evidence did not affect the jury's verdict." *United States v. Vizcarra–Martinez*, 66 F.3d 1006, 1017 (9th Cir.1995) (internal quotation marks omitted). Without deciding whether the statement reports were erroneously admitted, we conclude any error is harmless because Appellant's guilt was supported by overwhelming evidence.

Velazquez–Rubio's second argument asks us to overrule *Almendarez–Torres v. United States*, 523 U.S. 224, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998), based on speculation concerning its validity in light of subsequent Supreme Court decisions. We have previously held that speculation about the demise of *Almendarez–Torres* is immaterial and that until *Almendarez–Torres* is overruled by the Supreme Court, it controls. *United States v. Pacheco–Zepeda*, 234 F.3d 411, 414 (9th Cir.2000). Therefore, Velazquez–Rubio's prior conviction was properly considered at sentencing even though it was neither admitted nor found by the jury.

The district court's judgment is **AFFIRMED.**

* The Honorable Richard F. Cebull, United States District Judge for the District of Montana, sitting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.