**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Gerardo OROZCO–QUIROZ,
Defendant–Appellant.**

No. 05–50190.

United States Court of Appeals,
Ninth Circuit.

Submitted March 9, 2006.*

Submission withdrawn and deferred
March 16, 2006.

Resubmitted Aug. 15, 2006.

Filed Aug. 17, 2006.

William M. Narus, Esq., USSD–Office of
the U.S. Attorney, San Diego, CA, for
Plaintiff–Appellee.

Sylvia Biaz, San Diego, CA, for Defen-
dant–Appellant.

Before: WARDLAW and
RAWLINSON, Circuit Judges, and
CEBULL,** District Judge.

MEMORANDUM ***

Gerardo Orozco–Quiroz appeals his 70–
month sentence imposed following his con-
viction for illegal reentry into the United
States in violation of 18 U.S.C. § 1326.
Orozco first argues that the district court

imposed an unreasonable sentence in light
of his mental illness and in consideration of
the factors set forth under 18 U.S.C.
§ 3553(a). Orozco next argues that the
district court improperly applied an en-
hancement based on Orozco's recidivism
and prior conviction and that said enhance-
ment violated his Six Amendment rights
because those facts were not admitted or
found by a jury beyond a reasonable
doubt. We reject these arguments and
affirm the district court's imposition of
sentence.

Orozco's first argument is without merit.
The district court appropriately calculated
the advisory guideline range and consid-
ered the factors listed in 18 U.S.C.
§ 3553(a). The district court chose a sen-
tence that would deter future reentries by
Orozco, would protect the public, would
promote respect for the law, and would
avoid unwarranted sentencing disparities.
At the same time, the sentence accounted
for Orozco's psychotic disorder, as the
court expressly stated. The sentence re-
flects the district court's careful applica-
tion of the guidelines and the factors in
section 3553(a) to Orozco and his offense.

Orozco's second argument is also with-
out merit. Orozco argues that the Su-
preme Court's reasoning and holding in
*Almendarez–Torres v. United States,* 523
U.S. 224, 118 S.Ct. 1219, 140 L.Ed.2d 350
(1998) that prior convictions need not be
admitted or found by a jury have been
undermined by recent decisions, such as
*Apprendi v. New Jersey,* 530 U.S. 466, 120
S.Ct. 2348, 147 L.Ed.2d 435 (2000), and
*Blakely v. Washington,* 542 U.S. 296, 124
S.Ct. 2531, 159 L.Ed.2d 403 (2004). We

---

* This panel unanimously finds this case suit-
  able for decision without oral argument. *See*
  Fed. R.App. 34(a)(2).

** The Honorable Richard F. Cebull, United
  States District Judge for the District of Mon-
  tana, sitting by designation.

*** This disposition is not appropriate for publi-
  cation and may not be cited to or by the
  courts of this circuit except as provided by
  9th Cir. R. 36–3.

have revisited this issue several times and have held firm in our conclusion that speculation about the demise of *Almendarez–Torres* is immaterial. *United States v. Pacheco–Zepeda*, 234 F.3d 411, 414 (9th Cir.2000); *see also Hohn v. United States*, 524 U.S. 236, 252–53, 118 S.Ct. 1969, 141 L.Ed.2d 242 ("Our decisions remain binding precedent until we see fit to reconsider them, regardless of whether subsequent cases have raised doubts about their continuing vitality."); *Agostini v. Felton*, 521 U.S. 203, 237, 117 S.Ct. 1997, 138 L.Ed.2d 391 (1997) (lower courts should "leav[e] to this Court the prerogative of overruling its own decisions").

**AFFIRMED.**

RAWLINSON, Circuit Judge, concurring.

I concur in the result.

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.